In the Matter of ALPHONSO C., Appellant. ROBERT M. MORGEN-THAU, as District Attorney of New York County, Respondent.

First Department, December 4, 1975

*Herman Kaufman* of counsel *(Lewis R. Friedman* with him on the brief; *Litman, Friedman & Kaufman,* attorneys), for appellant.

*Robert M. Pitler* of counsel *(Peter L. Zimroth* and *Henry J. Steinglass* with him on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

LANE, J. On May 12, 1975, two Chinese males entered a restaurant and shot three men. The two were observed fleeing

in a gold-colored Chevrolet with a specified license number. The appellant, Alphonso C., it was discovered, was the owner of the automobile, which automobile he never reported as being stolen.

The District Attorney made application for an order directing C. to appear at a lineup and be viewed by witnesses. The application was made although C. was neither arrested nor charged with the commission of any crime.

Special Term granted the motion "[a]lthough the People may not have established reasonable cause for an arrest".

The respondent-appellant filed a notice of appeal and all proceedings have been stayed by this court pending determination of the appeal.

There are two facets of this matter, both procedural in nature, which must be explored in order to determine this appeal.

We note at the threshold that the proceeding presently on appeal is in the nature of a civil rather than a criminal suit. The statutory definition of commencement of a criminal "action" requires the filing of an accusatory instrument (CPL 1.20, subds 16, 17). The instant proceeding cannot come within the ambit of a criminal "proceeding" since that, too, is intertwined by definition with a criminal "action" requiring therefore at least the pendency of the filing of an accusatory instrument (CPL 1.20, subd 18).

The proceeding must therefore be characterized as civil in nature, consisting of an independent application to a court for relief (CPLR 105, subd [d]). This independent application or special proceeding (CPLR art 4) culminated in a final order or judgment and is therefore appealable (CPLR 5701, subd [a], par 1). We accordingly must deny the separate motion of the District Attorney to dismiss on the grounds of nonappealability (*Matter of District Attorney v Angelo G.,* 48 AD2d 576, 578).

The second procedural facet involves an inquiry into the authority of the Supreme Court to direct the appellant to participate in a lineup.

Court-ordered detention in a criminal proceeding may not be effectuated absent an arrest warrant (CPL 120.10, subd 1). An arrest warrant in turn cannot issue absent the existence of an accusatory instrument filed with the court and requiring a

person to be produced in connection with that instrument (CPL 120.20).

The warrant in turn may not issue unless there is "reasonable cause to believe" that the person to be arrested committed the offense charged (CPL 120.20, subd 2).

Alphonso C. was not named in an accusatory instrument and the District Attorney has conceded that there is no probable cause to believe that Alphonso C. committed a crime. However, it must be noted that the trial court characterized the facts as available as providing "a substantial basis" to believe that Alphonso C. committed the crime while the District Attorney in his appellate brief asserts a "strong factual basis" for the order being granted.

We parenthetically note that no grounds for civil arrest are articulated in the record presently before the court (see CPLR 6101, 6111).

However, it is recognized that, even absent statutory authority, the Supreme Court may grant relief if it has general jurisdiction of the subject matter. Section 2-b of the Judiciary Law provides, in pertinent part, that a court of record has the power "to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it."

The jurisdiction of the Supreme Court of the State of New York includes: "all the jurisdiction which was possessed and exercised by the supreme court of the colony of New York at any time, and by the court of chancery in England on the fourth day of July, seventeen hundred seventy-six, with the exceptions, additions and limitations created and imposed by the constitution and laws of the state. Subject to those exceptions and limitations the supreme court of the state has all the powers and authority of each of those courts and may exercise them in like manner" (Judiciary Law, § 140-b). (Also, see, generally NY Const arts VI and VII.)

We must therefore examine whether the courts of England or our own State courts had the authority to issue an order such as in the case at bar.

In the famous treatise of Sir Matthew Hale, there is a clear and unequivocal statement that a warrant of arrest may be issued by various Justices. The distinctions among the types of Justices and the circumstances under which they may exercise their authority are not relevant to this discussion. Note-

worthy, however, is the fact that probable cause must be evidenced.

A specific example is given as follows: "Therefore I think, that if *A.* makes oath before a justice of peace of a felony committed in fact, and that he suspects *B.* and shews probable cause of suspicion the justice may grant his warrant to apprehend *B.* and to bring him before him, or some other justice of peace to be examined, and to be farther proceeded against, as to law shall appertain". (1 Hale's Pleas of the Crown, ch L, p 578 [First American Edition, annotated, Stokes and Ingersoll, Philadelphia, 1847].)

Hale also notes that Justices of the Peace lawfully may direct imprisonment before indictment with the following caveat:

"But that I may say it once for all, it is fit in all cases of warrants for arresting for felony, much more for suspicion of felony, to examine upon oath the party requiring a warrant, as well whether a felony were done, as also the causes of his suspicion, for he is in this case a competent judge of those circumstances that may induce the granting of a warrant to arrest.

"And if there were no other reason to prove it than this, it were sufficient; namely, that the justice of peace may commit him to gaol that is brought before him for such suspicion, or bail him * * * and therefore *a fortiori* may make a warrant to convene or bring him before him to examine the cause of the suspicion" (2 Hale's Pleas of the Crown, ch XIII, p 110).

In essence, therefore, it appears that, as in our present statutory scheme, absent probable cause, power or jurisdiction to arrest did not lie.

Similarly, in New York State, issuance of arrest warrants prior to indictment was unauthorized absent probable cause (Barbour, Treatise on Crim Law of State of NY [2d ed, 1852], p 514 *et seq.).*

There has been a holding by the District of Columbia Court of Appeals that an order requiring a person to appear for a lineup, even absent probable cause, is proper *(Wise v Murphy,* 275 A2d 205 [DC]). However, the authority of that court was concededly statutory *(Wise v Murphy, supra,* pp 209, 210).

The "All Writs" act (US Code, tit 28, § 1651) further authorized: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid

of their respective jurisdictions and agreeable to the usages and principles of law."

Such is not the situation in the case at bar.

While the type of detention suggested here may be considered a form of "seizure" qualitatively less constricting than a formal "arrest," it is nonetheless a "seizure" sans adequate basis and should not be permitted.

As Justice SHAPIRO, then sitting at Supreme Court, Criminal Term, so aptly stated: "I have no doubt that if this respondent were walking the streets, I would have no authority, merely because the District Attorney suspected him of having committed a vicious crime, to order him into a lineup. * * * The application of the District Attorney is denied for want of power" *(Matter of Mackell v Palermo,* 59 Misc 2d 760, 765).

Accordingly, the order of the Supreme Court, New York County, entered July 14, 1975, granting the People's motion to order a lineup, should be reversed on the law and the motion denied. The motion of the District Attorney to dismiss the appeal for lack of jurisdiction should likewise be denied.

MARKEWICH, J. P., LUPIANO, TILZER and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on July 14, 1975 (as amd July 22, 1975) unanimously reversed, on the law, and the motion denied.