■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL QUILES VALES, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered December 26, 1974, convicting him of murder (two counts), robbery in the first and second degrees, burglary in the first degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. There was sufficient evidence to establish beyond a reasonable doubt that defendant's signed confession was voluntarily made. The trial was free of reversible error; defendant's guilt was established beyond a reasonable doubt. Rabin, Acting P. J., Martuscello, Cohalan, Christ and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WETMORE, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the County Court, Westchester County, imposed December 30, 1974. Sentence affirmed. The sentence imposed by the County Court was neither unlawful nor excessive. We note, however, that we have not considered defendant's other arguments. Where a defendant alleges an off-the-record sentence promise, or a misunderstanding on his part at the time of sentencing as to the date of his release (see *People v Simmons,* 40 AD2d 563), the proper vehicle for relief is a motion to vacate the judgment pursuant to CPL 440.10 and 440.30 and not an appeal from the underlying judgment or sentence. Furthermore, we may not now review defendant's claims that the Department of Correctional Services has improperly computed the date of his ultimate release. If defendant is aggrieved by its actions, his remedy is an article 78 or habeas corpus proceeding. Rabin, Acting P. J., Martuscello, Cohalan, Christ and Shapiro, JJ., concur.