Julius A. Hellenbrand, J.
The District Attorney of Kings County seeks an order of this court directing one John McClain to appear and participate at a lineup identification procedure.
The defendant is confined in an unrelated matter by the Department of Correction. An alleged accomplice of John McClain has made a statement inculpating him in an armed robbery on June 19, 1976 in Brooklyn, New York. The District Attorney states that the sole purpose of the request for a lineup is to determine whether John McClain can be physically identified as one of the alleged two perpetrators of said crime.
The District Attorney contends that a person may be compelled to appear in a lineup procedure for identification purposes when (1) he is named in an accusatory instrument, or (2) there is probable cause to believe he committed a crime, or (3) probable cause is shown to arrest a person. In these contentions the District Attorney cites in support Matter of Alphonso C. (50 AD2d 97); Matter of District Attorney v Angelo G. (48 AD2d 576); Merola v Fico (81 Misc 2d 206); Matter of Homicide of John Aucelli (NYLJ, July 2, 1975, p 15, col 4). (See, also, dissenting opn. of Hopkins, J., People v Vega, 51 AD2d 33.)
The respondent contends to the contrary in reliance on Vega (supra), and Mackell v Palermo (59 Misc 2d 760); indeed Mr. Justice Shapiro, who authored both decisions, relied in Vega on his earlier decision in Mackell v Palermo.
This court disagrees with respondent’s contention, for at the core of the Mackell v Palermo and the Vega decisions were not concerns such as fingerprinting, measurements, writing, speaking for identification, or standing, but rather procedures to deprive a person of his personal and private right to determine his personal appearances. This right, the Appellate Division of the Second Department, held in Vega, falls within the ambit of the First, Ninth and Fourteenth Amendments to *695 our Constitution. Therefore, the order or a compulsion to shave a beard prior to a compelled appearance at a lineup and before he is arrested or charged with a crime involves a change and alteration of appearance. It denies, the Appellate Division wrote, to that person (p 37) "the right to an immediate return to the form of facial hair which he wore prior to his appearance at the lineup” and of course, the right to determine his appearance.
Here, in this application, there is no contention that any changed or altered appearance of respondent is requested or required; no more is sought by the District Attorney of Kings County than that the respondent stand in a lineup. The District Attorney of Kings County has served a proper notice of this application on respondent and the latter has had an opportunity to be heard through his counsel by this court. In Matter of Alphonso C. (50 AD2d 97, supra), the District Attorney conceded there was no probable cause to believe that Alphonso C. committed a crime, as distinguished from the facts at bar which allege probable cause to believe defendant committed a crime.
Under the circumstances of this case, it should not be necessary to arrest the defendant based on the accomplice’s statement of respondent’s culpability in order to accomplish a lineup, nor should it be necessary for the police to detain respondent for investigation, which is their right, and then place him in a lineup (United States v Wade, 388 US 218; People v Morales, 22 NY2d 55; People v Peters, 18 NY2d 238). Surely, these latter options are more obtrusive on the legal rights of respondent than the requested relief for a lineup under controlled circumstances of a court order.
Moreover, the defendant is presently incarcerated, albeit on an unrelated charge. To compel him by court order to stand in a lineup, since he is already in custody, is also less intrusive on his legal rights than an arrest or a detention for limited purpose of an investigation. This case is therefore distinguished from one in which a suspect is picked up on the street pursuant to court order and placed in a lineup. The fact that respondent is presently incarcerated does not afford him the constitutional right not to be observed and possibly identified as a possible perpetrator on other charges (Rigney v Hendrick, 355 F2d 710). If the respondent is not identified in the lineup, there would then be no need to arrest nor further overt police detention and no harm to respondent.
*696 Accordingly, the motion to compel respondent to participate in a lineup is granted. Settle order providing the time, date or place of the lineup and providing further that respondent shall be represented by counsel thereat.