OPINION OF THE COURT
Richard D. Huttner, J.
The issue presented herein appears to be one of first impression in this State.
Proceeding via an omnibus motion in a delinquency proceeding, counsel for respondent seeks a court ordered lineup.
This request is made even more unique by counsel’s further unprecedented demand that a certain named individual (another youth) be compelled to participate in the requested lineup. The District Attorney has refused to voluntarily conduct the lineup and accordingly resists the motion. Respondent’s counsel’s reason for requesting the other youth’s participation in a lineup is simply that he claims respondent is innocent of the robbery forming the basis of the delinquency charge and the other youth, sought to be placed in the lineup, *741 is in fact the perpetrator of the crime. The District Attorney, on the other hand, is satisfied that the respondent is in fact guilty of the crime charged and has advised this court that the other youth is not even a suspect. The District Attorney does not wish nor does he feel a need exists in this matter to investigate further. The District Attorney is ready for trial. The issue presented is whether a court can compel a minor to participate in a lineup requested by respondent’s counsel on the bare allegation that said youth is the guilty party.
How far may the court intrude upon the uncharged youth’s constitutional rights in its attempt to further the lofty ideal of assuring respondent every legitimate defense to which he is entitled? First, let us examine the standards promulgated by our courts for ordering participation in a lineup. In all the cases wherein participation was ordered the person so ordered had the status of a suspect in the matter under investigation. Aside from being the named defendant, the quantum of suspicion required to compel participation in a lineup is the existence of facts sufficient to constitute probable cause to arrest the person sought to be placed in a lineup for the crime under investigation.
In Matter of Mackell v Palermo (59 Misc 2d 760) Justice Shapiro then sitting in Criminal Term, Queens County enunciated the foregoing criteria as prerequisites to compel an individual to appear at a lineup. Such individual must be a defendant in a proceeding in the county wherein such a lineup is sought to be conducted or there be probable cause to warrant an arrest of said individual. Mere suspicion is insufficient. As stated by Justice Shapiro (supra, p 765): "I have no doubt that if this respondent were walking the streets, I would have no authority merely because the District Attorney suspected him of having committed a vicious crime, to order him into a lineup”.
In People v Vega (51 AD2d 33) the court was presented with the issue of whether a person could be compelled by the District Attorney to shave off his beard and appear in a lineup prior to an arrest or the filing of an accusatory instrument against him. The application was denied. After, discussing constitutional protections regarding mandating the shaving off of a beard, Justice Shapiro, this time as an Appellate Justice, held if the District Attorney had probable cause to sustain an order invading defendant’s constitutional rights, he has sufficient probable cause to have an arrest effected of defendant *742 and cause the filing of an accusatory instrument charging him with the crimes under investigation.
The conduct of a lineup preliminary to arrest or filing an accusatory instrument was categorized as a "back-door device”. (People v Vega, 51 AD2d 33, 38, supra.)
The court in its opinion cited Matter of Alphonso C. (50 AD2d 97) wherein the same two prerequisites for compulsion to attend a lineup were propounded to wit, the filing of an accusatory instrument or probable cause to believe the respondent committed a crime.
In People v McClain (88 Misc 2d 693) Justice Hellenbrand applied the guidelines set forth in Matter of Alphonso C. (supra) and ordered the attendance of defendant once he found probable cause to believe defendant committed a crime.
In the case at bar, a mere bare allegation that the youth whose participation in this lineup is sought is in fact the guilty party has been made. No facts have been elicited to form the basis of the necessary probable cause determination. In every case where identity is an issue, the defense is simply "it was someone else who committed the crime.” Such a denial doesn’t constitute probable cause to require the attendance of a citizen in a lineup which is no less an intrusion into his freedom of action than an arrest. It constitutes a seizure of his person at the least, for the duration of the lineup (Cf. Cupp v Murphy, 412 US 291; People v Morales, 22 NY2d 55; People v Peters, 18 NY2d 238; People v Rivera, 14 NY2d 441, cert den sub nom. Rivera v New York, 379 US 978).
It was manifest in Davis v Mississippi (394 US 721) that the Fourth Amendment was meant to prevent wholesale intrusions upon the personal security of our citizenry, whether these intrusions are termed arrests or investigatory detentions.
The minor whose participation is sought in a lineup is safeguarded by our Constitution to the same extent as an adult (Matter of Gault, 387 US 1). Concededly, in the foregoing cases the applicant for the lineup was the District Attorney; however, I see no reason in law or equity to distinguish this case from the foregoing cases merely because the applicant for the lineup in the matter is respondent’s attorney.
The protection from unwarranted intrusion into the minor’s constitutional rights must be afforded him irrespective of who *743 seeks to intrude upon them be it the District Attorney or counsel for the accused.
It is an acknowledged fact that erroneous identification accounts for more miscarriages of justice than any other factor. The court must be especially vigilant in safeguarding against these misidentifications. (United States v Wade, 388 US 218, 229; Sobel, Eye-Witness Identification: Legal and Practical Problems, p 2.) Because of the plethora of faulty identifications, the mere participation of anyone in a lineup subjects him to the jeopardy of being erroneously identified and thereafter subject to defending himself in a criminal prosecution with the attendant risk of conviction.
The court must accordingly be the zealous guardian against any such possibility. The Wade hearing is designed for just such purpose.
It would constitute an egregious disregard of basic constitutional protections and it cannot be countenanced without probable cause sufficient to authorize an arrest to allow our citizenry to be plucked indiscriminately from their homes or from our streets to participate in a lineup wherein they seriously chance being mistakenly identified as a criminal.
The motion is accordingly denied.