OPINION OF THE COURT
Howard E. Goldfluss, J.
The defendants above named are two of several who have been indicted for grand larceny and other related counts in connection with an alleged larcenous scheme resulting in a widespread insurance fraud. The People in this application request that the court order the said defendants to submit exemplars of their handwritings giving as reason for such request that numerous file cards which were seized pursuant to a search warrant contain instructions by defendants to codefendants and employees. The People allege that by reason of the fact that these instructions were carried out, the defendants were able to defraud insurance companies.
The defendants object to the issuance of such order. They contend that the court has no power or authority to require or compel the defendants to provide handwriting exemplars because there is no statute enabling the court to do so.
The Supreme Court of the United States has on more than one occasion found that this type or similar compulsion does not violate Fifth Amendment rights of a defendant (see United States v Dionisio, 410 US 1; United States v Mara, 410 US 19; Schmerber v California, 384 US 757; Gilbert v California, 388 US 263; Davis v Mississippi, 394 US 721).
To support his contention, defendant sets forth two relevant cases which merit discussion.
In Matter of Alphonso C. v Morgenthau (50 AD2d 97), the *156 court below ordered the defendant to appear in a lineup. He was not as yet formally charged with any crime, and no preliminary hearing was held by the court to determine if there was probable cause to entertain such an order. The Appellate Division characterized (p 101) the order as a " 'seizure’ sans adequate basis”, and in reversing, stressed the point that the compulsion to appear in a lineup was indeed a detention, albeit less constricting than a formal arrest, and that such detention may not be effectuated absent the existence of a search warrant. (See CPL 120.20.) The appellate court therefore likened the action of the court below to the issuance of an unauthorized arrest warrant.
The logical conclusion to be drawn from Alphonso C. is that where probable cause does exist to arrest an individual or formally charge him with a crime, the court has power, authority and jurisdiction to issue an order to appear in a lineup. This is especially true, when, as in the instant case, the arrest of the defendants pursuant to the indictment removes probable cause as an issue, and if a compelled lineup is valid in the case herein, then certainly the compulsion to provide handwriting exemplars is no greater intrusion.
The defendant also cites Matter of Heisler v Hynes (42 NY2d 250) as authority for his position. In Heisler, the prosecutor sought to utilize its subpoena power to compel a witness to appear before a Grand Jury and to produce numerous books and records covering a five-year period. The subpoena was quashed on the basis that the prosecutor sought the books and records for independent examination outside the presence of the Grand Jury.
Heisler differs substantially from the facts in the instant case. The prosecutor’s action was taken prior to arrest or indictment which clearly contravenes a Fifth Amendment right. Moreover, the compulsion to produce books and records under such conditions could be inherently incriminatory. But compulsion to submit specimens of handwriting is not, and the Supreme Court made this distinction clear in Gilbert v California (388 US 263, 266-267, supra): "A mere handwriting exemplar, in contrast to the content of what is written, like the voice or the body itself, is an identifying physical characteristic outside [the Fifth Amendment’s] protection.” (Emphasis added; see, also, United States v Dionisio, 410 US 1, supra.)
Therefore, as a compelled display of a physical characteristic, it falls short of being a response delivered under compul *157 sion; and it is not a communication. It is akin to the submission to fingerprinting, or to photography, or to body measurements, or to a direction to write or speak for identification, or to appear in court, or to stand, or to assume a stance, or to make a particular gesture. All of the above are compulsions, but they are not constitutionally protected (see People v Goldberg, 19 NY2d 460; People v Graves, 64 Cal 2d 208; see, also, Weintraub, Voice Identification, Writing Exemplars, and The Privilege Against Self-Incrimination, 10 Vand L Rev 485). In view of the weight of authority cited herein which not only permits handwriting exemplar compulsion but approves of the procedure, it would be totally inconsistent with these decisions and leave them meaningless if the court did not have the power to order such procedure.
The prosecutor has set down in his moving papers the precise writings for which the People seek exemplars, and the precise reasons he seeks them. Based upon all the papers submitted in this matter, this court makes the following findings.
(1) There is a prima facie connection existing between the matter under investigation and the handwritten documents the District Attorney refers to.
(2) The defendants have exercised sufficient control over and/or have had access to the instruments with which exemplars are sought for comparison.
(3) There is probable cause to believe that the same persons wrote or authorized said instruments.
These factual determinations have been made because the reasonableness and constitutional validity must be determined prior to the granting of the order requested herein (see Matter of District Attorney of Kings County v Angelo G., 48 AD2d 576; People v Mineo, 85 Misc 2d 919; United States v Dionisio, 410 US 1, supra).
This court is aware that a colleague has recently determined that the compulsion to supply handwriting exemplars before a Grand Jury was violative of CPL 190.40 which grants immunity to all Grand Jury witnesses under subpoena (People v Perri, 95 Misc 2d 767). The decision rendered herein is not inconsistent with such finding. As stated, there is a marked difference between a prearrest and postarrest application for handwriting exemplars, and the decision of that court was based on the fact that procedural requirements of the statute *158 were not followed, to compel the production of writings before a Grand Jury.
It is interesting to note that CPL 190.40 (subd 2, par [c]) provides for production of such writings by subpoena duces tecum, and specifically sets forth such procedure as an exception to the granting of immunity. In any event, immunity is not the issue here, nor is self incrimination. The sole issue is whether this court has the authority to compel a defendant to display a physical characteristic at a postindictment stage. As recited herein, there is substantial precedent to conclude that such authority does exist.
Motion to compel handwriting exemplars of the defendants is granted.