In the Matter of WARREN R. STANDEN, Petitioner, v DONALD J. MARK, as County Court Judge of the County of Monroe, et al., Respondents.

Fourth Department, November 3, 1978

### APPEARANCES OF COUNSEL

*Edward T. Nowak (Peter Sullivan* of counsel), for petitioner.

*Lawrence T. Kurlander (Adam Bernstein* of counsel), for respondents.

### OPINION OF THE COURT

HANCOCK, JR., J.

In what appears to be a case of first impression, we must decide whether the Monroe County Court had power to direct that samples of blood, hair, pubic hair and saliva be taken from an accused, held in New York under an extradition warrant, for the purpose of aiding an investigation of crimes which occurred in Nevada. We hold it did not.

The petitioner was arraigned on July 25, 1978 in Monroe County Court on a fugitive arrest warrant stemming from charges of rape and murder against him in Reno, Nevada. He is currently held under a Governor's warrant of extradition.

In this CPLR article 78 proceeding brought in the Appellate Division pursuant to CPLR 506 (subd [b], par 1) petitioner seeks a writ of prohibition against the District Attorney and the County Judge precluding the taking of the samples.

The sole purpose for requesting the samples was to assist in the determination of the guilt or innocence of the accused and in the investigation of crimes committed wholly within the State of Nevada over which New York has no jurisdiction (CPL 20.20). Upon the argument it was conceded that no issue had been raised either with respect to the identity of the accused as the person sought or to his presence in Nevada when the crimes were committed.[1] The order was, therefore, prohibited by the express terms of CPL 570.46 which provides that in an extradition proceeding: "The guilt or innocence of the accused as to the crime with which he is charged may not be inquired into by the governor, or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

The District Attorney argues that, notwithstanding the provisions of CPL 570.46, the extradition proceeding is a "criminal action" and that therefore the County Court had "preliminary jurisdiction" under CPL 1.20 (subd 25) which provides that a court has "preliminary jurisdiction" of an offense when: "regardless of whether it has trial jurisdiction thereof, *a criminal action for such offense may be commenced therein,* and when such court may conduct proceedings with respect thereto which lead or may lead to prosecution and final disposition of the action in a court having trial jurisdiction thereof." (Emphasis added.) The argument is without merit.

A "criminal action" presupposes that an "accusatory instru-

---

1. In his affidavit in support of the order to show cause which commenced the proceeding, petitioner's attorney states: "the Petitioner's identity has already been verified by analysis of his fingerprints and he has not challenged these findings." Moreover, neither petitioner nor his attorney raises any issue as to petitioner's presence in Nevada on January 31, or February 1, 1978, the date the crimes were committed. In fact, the affidavit of Richard W. Hill, a Sergeant in the Washoe County Sheriff's Office contains allegations to the effect that there are witnesses to the fact that the accused checked out of the Holiday Inn in Reno between 11:30 P.M. and midnight on January 31, 1978; that a witness (cab driver) picked up the petitioner, whom he had known previously, at Sierra Sid's truck stop at 12:25 A.M. on February 1, 1978; and that witnesses at Sierra Sid's have reported that the accused "inquired about whether anyone had seen his log book."

ment" has been filed against the accused in a criminal court (CPL 1.20, subds 16 and 17).[2] Neither the fugitive arrest warrant nor the Governor's extradition warrant is an "accusatory instrument", i.e., an instrument on behalf of the People of the State of New York against the petitioner as defendant, accusing him of having committed an offense over which New York has jurisdiction (CPL 1.20, subd 1.)[3]

Thus because no "accusatory instrument" has been or can be filed against the accused in Monroe County Court with respect to the Nevada offenses, there can be no "criminal action." (CPL 1.20, subds 16, 17.) Because a "criminal action" may not be commenced, Monroe County Court can have no "preliminary jurisdiction" under CPL 1.20 (subd 25).

The petition should, therefore, be granted and the order vacated.

MARSH, P. J., SIMONS, SCHNEPP and WITMER, JJ., concur.

Petition unanimously granted, without costs and order of Monroe County Court, MARK, J., vacated.

---

2. "A criminal action (a) commences with the filing of an accusatory instrument against a defendant in a criminal court, as specified in subdivision seventeen; (b) includes the filing of all further accusatory instruments directly derived from the initial one, and all proceedings, orders and motions conducted or made by a criminal court in the course of disposing of any such accusatory instrument, or which, regardless of the court in which they occurred or were made, could properly be considered as a part of the record of the case by an appellate court upon an appeal from a judgement of conviction; and (c) terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case." (CPL 1.20, subd 16.)

"A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed." (CPL 1.20, subd 17.)

3. " 'Accusatory instrument' means an indictment, an information, a simplified information, a prosecutor's information, a superior court information, a misdemeanor complaint or a felony complaint. Every accusatory instrument, regardless of the person designated therein as accuser, constitutes an accusation on behalf of the state as plaintiff and must be entitled 'the people of the state of New York' against a designated person, known as the defendant." (CPL 1.20, subd 1.)