OPINION OF THE COURT
John Copertino, J.
Two motions relative to this indictment, charging defendant with two counts of sodomy in the first degree, are pending before this court. The People have moved for an order “that exemplars of the defendant’s blood and saliva be taken from the person of the defendant.” The defendant has moved for a protective order preventing the taking of these samples on the ground that the People have failed “to establish any special need or justification for the relief sought.” However, should the People’s motion for such samples be granted, defendant seeks “a sampling of the complainant’s saliva and blood.” In addition, defendant *611 seeks “further disclosure from the people as to whether or not an informer was in some manner or form involved in the investigation”. The People state in support of their motion that the blood and saliva samples are necessary so that they may be compared with “certain items of physical evidence obtained in his case so that scientific testing may be conducted and concluded.” In addition, the People allege that the defendant has made fully inculpatory statements to the Suffolk County Police in reference to the incident for which he is under indictment.
CPL 240.40 (subd 2, par [b]) provides in relevant part as follows: “Upon motion of the prosecutor, and subject to constitutional limitation, the court in which an indictment * * * is pending * * * may order the defendant to provide non-testimonial evidence. Such order may, among other things, require the defendant to * * * (v) Permit the taking of samples of blood, hair or other materials from his body in a manner not involving an unreasonable intrusion thereof or a risk of serious physical injury thereto”. Therefore, before a court can order defendant to submit to such procedures, it must be satisfied that the intrusion is not unreasonable and that there not be a risk of serious phyiscal injury to defendant. In addition, defendant’s constitutional right to be left alone requires that “probable cause for the necessity of the procedure proposed be demonstrated” before that right may be suspended (Matter of Barber v Rubin, 72 AD2d 347, 352).
With respect to the reasonableness and safety of the proposed procedures for the taking blood and saliva samples, this court will take judicial notice of the manner in which such samples are taken and the fact that the procedures do not involve the risk of serious physical injury to defendant. “In general, the court will take judicial notice of all facts which are notorious; that is, of common knowledge, within the court’s jurisdiction” (Richardson, Evidence [10th ed], § 9). The methods used in obtaining these samples are commonplace and involve the taking of a small amount of blood from defendant’s finger and his moistening a piece of paper with his saliva. Both are simple, routine and safe procedures involving a minimal degree of intrusion and little risk of harm to defen *612 dont especially when it is noted that these samples will be taken by trained personnel from the Suffolk County Medical Examiner’s Office. In addition, defendant has not raised the issue of the safety of the above procedures.
As far as the probable cause for the necessity of the samples is concerned, the People have established such necessity to this court’s satisfaction. Defendant has made fully inculpatory statements to Suffolk County Police Officers. In addition, the People have recovered articles of clothing in connection with this case and seek to obtain the blood and saliva samples to examine them and compare them with blood found on some of these articles.
In light of the facts set forth by the People in their moving papers, this court concludes that the People are entitled to the requested samples. Although no hearing has been held on this application, the court is of the opinion that a hearing is not necessary. What is required on such motions is that the application “follow the precepts of procedural due process” (People v Giglio, 74 AD2d 348, 355). As was stated by the Appellate Division, Second Department, in Matter of District Attorney of Kings County v Angelo G. (48 AD2d 576, 580): “The question in every case must be whether proper notice of the application has been given to the individual, and whether probable cause for the granting of the relief sought appears in the moving papers. Once these salient requirements have been satisfied, the dictates of due process have been met.”
Defendant seeks, in the event the People’s motion is granted, reciprocal discovery of a sample of complainant’s blood and saliva. In support of his request, defendant states that “without sampling the complainant’s saliva and blood any findings by the people’s expert might be needlessly damaging to this defendant.”
CPL 240.40 (subd 1, par [b]) states that a court “may order discovery with respect to any other property, which the people intend to introduce at the trial, upon a showing by the defendant that discovery with respect to such property is material to the preparation of his defense, and that the request is reasonable.” The People have indicated that they intend to compare defendant’s blood with blood found *613 on several articles of clothing. Presumably, they hope to introduce evidence at trial to prove that the blood found on this clothing is defendant’s blood. In so doing, they may well offer proof that the blood on the clothing is not complainant’s blood. Defendant, on the other hand, will be attempting to show that the blood on the clothes is not his. By granting defendant’s request for samples of the complainant’s blood, defendant will have the opportunity to analyze complainant’s blood with a view toward controverting the testimony to be offered by the People’s expert. Certainly, if the People are to be permitted to take a sample of defendant’s blood so that it may be examined by an expert with the goal of thereby identifying defendant, defendant should be given every reasonable opportunity to attack the testimony of that expert. This court is of the opinion that providing defendant with a small sample of complainant’s blood is reasonable under these circumstances. Further, because all of this is relevant to the issue of identification it is necessary to the preparation of defendant’s defense. The reasoning of a recent trial court decision, although involving different facts, is particularly, appropriate here: “It seems obvious to me that if a trial is to be a search for truth and expert testimony will figure prominently, both sides should have access to experts * * * An expert only testifies and gives an opinion where lay jurors are presumably not equipped to evaluate the specialized evidence. In such a situation the adversary system contemplates that both sfdes shall have access to the relevant facts” (People v Atwood, 101 Misc 2d 291, 294).
Finally, defendant’s application that the identity of any informant involved in the investigation of the crimes attributed to the defendant be furnished him is denied without prejudice to renewal upon a proper factual showing. Although this court is aware that in most cases a defendant may have few facts within his knowledge to support an application of this nature, “some foundation, that is, some initial showing, must be made before privileged matter affecting the substantive issues must be disclosed” (People v Goggins, 34 NY2d 163, 169).
*614 Accordingly, the People’s motion for samples of defendant’s saliva and blood is granted. The defendant’s motion for a protective order is granted only to the extent that defendant be allowed a sample of complainant’s saliva and blood. Defendant’s motion for the discovery of the identity of possible informants is denied without prejudice to a renewal upon a proper factual showing.