## (February 5, 1981)

■ In the Matter of WALTER PIDGEON, Petitioner, v ISAAC RUBIN, as a Justice of the Supreme Court of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 to prohibit respondent, Mr. Justice Rubin, from enforcing an order dated January 23, 1981, granting an application of the District Attorney of Westchester County to have petitioner participate in a lineup in Westchester County in connection with crimes allegedly committed in the State of Connecticut. Petition dismissed on the merits, without costs or disbursements. The petitioner, Walter Pidgeon, is presently incarcerated in Ossining Prison as a parole violator, and is also being held for action by the Grand Jury in connection with a robbery which allegedly occurred in the Town of Pound Ridge in Westchester County on November 5, 1980. It further appears from the record that (1) three other robberies were committed during July, August and September, 1980 in nearby Greenwich, Connecticut, with a similar *modus operandi* and that (2) the victims of the Connecticut robberies (as well as the victim of the Pound Ridge robbery) have made tentative identifications of petitioner as the perpetrator, from photographic arrays. Accordingly, by way of order to show cause returnable on January 13, 1981, in which the aforestated facts were incorporated, the District Attorney of Westchester County sought an order directing petitioner to participate in a lineup to be held at the New York State Police Barracks in Hawthorne, New York, to determine if he could be positively identified as the perpetrator of the crimes allegedly committed in Connecticut. After hearing and considering petitioner's opposition to the People's application, i.e., that the Westchester Supreme Court had no jurisdiction to compel him to participate in a lineup concerning crimes committed outside the State of New York, the respondent Justice granted the People's application and directed that the "lineup * * * be held at the New York State Police Barracks at Hawthorne, New York at a date and time to be agreed upon by the interested parties and * * * defendant [petitioner] is to be represented by counsel, at all stages of the proceedings." Under the circumstances presented herein, the petition for a writ of prohibition should be dismissed on the merits. It has been consistently held by the courts of this State that the existence of probable cause to believe that a suspect has committed a crime in New York is a sufficient basis to confer jurisdiction on a New York court to grant an application by the People on notice, compelling the suspect, who is unincarcerated (and a fortiori an individual who is already incarcerated in New York on an unrelated charge) to appear in a lineup (see *Matter of District Attorney of Kings County v Angelo G.*, 48 AD2d 576, dsmd 38 NY2d 923; *Matter of Merola v Fico*, 81 Misc 2d 206; *People v Mineo*, 85 Misc 2d 919; *People v McClain*, 88 Misc 2d 693). Speaking for this court in *Matter of District Attorney of Kings County v Angelo G. (supra)*, Mr. Justice Hopkins wrote, in part (p 580): "Whether the appellants' rights under the Fourteenth Amendment have been violated depends on testing

the means used here under the dictates of due process. As was said recently by Chief Judge BREITEL in *Matter of Pannell v Jones* (36 NY2d 339, 342), due process governs any State action, whether civil or criminal in character, which deprives a person of liberty; the procedural safeguards required will vary according to the circumstances of the case in relation to the governmental function involved and the substance of the individual interest affected. We see no violation of due process under the proceedings initiated by the District Attorney. The appellants were served with the notice of the application and with the supporting papers. They were given the opportunity to oppose the application and to submit any grounds of opposition to the court. The court determined the merits of the application after hearing the appellants. Although the procedure is novel, since it contemplates disclosure prior to a grand jury investigation and constitutes, in a limited sense, prearrest detention (cf. *Terry v Ohio,* 392 US 1; *Davis v Mississippi,* 394 US 721, *supra),* we think it is less stringent and intrusive into the privacy of an individual than a search warrant, for which an application may be made without notice to the person to be searched (CPL 690.35, 690.40, 690.45). The procedure employed here has been approved in other jurisdictions (see, e.g., *United States v Harris,* 453 F2d 1317, cert den 412 US 927; *Matter of Fingerprinting of M.B.,* 125 NY Super 115). The question in every case must be whether proper notice of the application has been given to the individual, and whether *probable cause* for the granting of the relief sought appears in the moving papers. Once these salient requirements have been satisfied, the dictates of due process have been met." (Emphasis supplied.) The petitioner herein was given notice of, and an opportunity to be heard on, the People's application for a lineup, and in their application, the People satisfactorily demonstrated to the respondent Justice that there was probable cause to believe that petitioner had engaged in criminal activity. Nevertheless, it is apparently petitioner's position that the respondent had no jurisdiction to compel him to appear in a lineup relating to crimes allegedly committed outside of this State, to wit, in Connecticut. In support of his argument, petitioner relies on the case of *Matter of Standen v Mark* (64 AD2d 209). In *Standen,* petitioner was arraigned in Monroe County Court on a fugitive arrest warrant stemming from charges of rape and murder filed against him in Nevada, and was thereafter held in New York under a Governor's warrant of extradition. The District Attorney of Monroe County successfully applied to the County Court, Monroe County, for an order directing that samples of blood, pubic hair and saliva be taken from the petitioner for the sole purpose of assisting in the investigation of the crimes committed in Nevada over which New York had no jurisdiction. In granting a writ of prohibition to petitioner Standen precluding the District Attorney and the County Court Judge from taking the samples, the Appellate Division, Fourth Department, held that the Monroe County Court did not obtain " 'Preliminary jurisdiction' " (CPL 1.20, subd 25) to issue its order either by virtue of the fugitive arrest warrant, or the Governor's extradition warrant. Specifically the court in *Standen* stated, in part (p 211): "Neither the fugitive arrest warrant nor the Governor's extradition warrant is an 'accusatory instrument', i.e., an instrument on behalf of the People of the State of New York against the petitioner as defendant, accusing him of having committed an offense over which New York has jurisdiction (CPL 1.20, subd 1.)" The facts at bar are clearly distinguishable from those in *Standen.* In contrast to *Standen* the petitioner herein is already being held in New York for action by the Grand Jury regarding a crime which he allegedly committed in New York. Under these circumstances, the

order requiring petitioner to participate in a lineup in Westchester County was proper (see *People v McClain,* 88 Misc 2d 693, *supra).* Mollen, P. J., Hopkins, Titone, Cohalan and Thompson, JJ., concur.