OPINION OF THE COURT
Harry Edelstein, J.
The People move for an order directing that the defendant Roy West appear at the office of the Rockland County District Attorney for the purpose of appearing in a lineup.
The defendant, by his attorney, opposes the motion, arguing that this court lacks jurisdiction to grant the People the relief requested pursuant to CPL 240.40 (subd 2). This statute was amended effective January 1, 1980.
“Upon motion of the prosecutor, and subject to constitutional limitation, the court in which an indictment, superior court information, prosecutor’s information or information is pending; (a) must order discovery as to any property not disclosed upon a demand pursuant to section 240.30, if it finds that the defendant’s refusal to disclose such material is not justified; and (b) may order the defendant to provide non-testimonial evidence. Such order may, among other things, require the defendant to:
“(i) Appear in a line-up”.
On July 22, 1981, a felony complaint was filed with the Town of Ramapo Justice Court charging the defendant *659 with burglary. On July 27, 1981, a preliminary hearing was held before the Justice Court of the Town of Ramapo. At the conclusion of the preliminary hearing, the defendant was held for the action of the Grand Jury on the felony charge of burglary in the third degree.
The courts of this State have consistently held “that the existence of probable cause to believe that a suspect has committed a crime * * * is a sufficient basis to confer jurisdiction on a New York court to grant an application by the People on notice, compelling the suspect, who is unincarcerated (and a fortiori an individual who is already incarcerated * * * on an unrelated charge) to appear in a lineup”. (See Matter of Pidgeon v Rubin, 80 AD2d 568; see, also, People v Pickett, 71 AD2d 575; Matter of Merola v Fico, 81 Misc 2d 206.)
Since prior to filing of a felony complaint or a preliminary hearing this court could have granted the relief requested by the People, it seems unlikely that the Legislature intended to divest the court of jurisdiction by enacting CPL 240.40 (subd 2).
The defendant argues that the quantum of proof presented at the preliminary hearing was not sufficient to meet the requirement of reasonable cause set forth in the case law cited.
As stated above, on July 27,1981, a preliminary hearing was held. At the conclusion of the preliminary hearing, the Justice of the Town of Ramapo Justice Court found that there was reasonable cause to believe that defendant Roy West committed the felony of burglary in the third degree, and held the defendant for the action of the Grand Jury. This court relies upon the Justice Court determination of reasonable cause. At that hearing only nonhearsay evidence was admissible to demonstrate reasonable cause to believe that the defendant committed the felony. (CPL 180.60, subd 8.) The defendant was present and had the opportunity to cross-examine each one of the People’s witnesses. The defendant also had the right to testify in his own behalf. (CPL 180.60, subds 2, 4, 5, 6.)
The People allege that they are in need of a lineup because certain eyewitnesses were unable to make any positive identification through a photographic array. We *660 find under the circumstances of this case, an order requiring Roy West to appear and participate in a lineup at the Rockland County District Attorney’s office is justified and proper.
In Matter of Pidgeon (supra, p 569) the court stated that, “‘[t]he question in every case must be whether proper notice of the application has been given to the individual, and whether probable cause for the granting of the relief sought appears in the moving papers. Once these salient requirements have been satisfied, the dictates of due process have been met.’ ”
Our decision today differs from our holding in the case of People v Kingsly decided by this court in December, 1980. Upon re-evaluating CPL 240.40 (discovery statute) we find it was not the intent of the Legislature to divest this court of jurisdiction to order a lineup after a felony complaint has been filed in the County Court so long as the People can demonstrate probable cause to believe that the suspect has committed the crime, need for the lineup, and the defendant is given an opportunity to respond.
Prior to the filing of an accusatory instrument, the County Court or the Justice Court would have jurisdiction to direct a lineup.
Once a felony complaint has been filed in the County Court, the Justice Court no longer has jurisdiction over the matter. (See CPL 180.70, subd 1.) Since County Court now has jurisdiction over the action, and the defendant has been afforded all the protection cited in Pidgeon (80 AD2d 568, supra) there would be no purpose served by divesting the County Court jurisdiction to order a lineup. We therefore conclude that it was not the intent of the Legislature to do so.