OPINION OF THE COURT
Howard E. Goldfluss, J.
The novel issue arising in this case concerns the refusal of the accused to co-operate in a previously ordered lineup and the District Attorney’s further application for the use of limited force to effectuate compliance.
Heretofore on August 14, 1981, this court directed John Crawford, who was in detention on an unrelated charge to appear in a lineup in connection with a robbery investigation. Relying on Matter of Alphonso C. (50 AD2d 97), Matter of District Attorney v Angelo G. (48 AD2d 576), and Matter of Burke v Sullivan (52 AD2d 536), probable cause was determined as a condition precedent for the issuance of that order. In addition it was also determined that proper notice had been given to counsel for the defendant, who in fact, appeared and argued in opposition to its issuance. Those two salient requirements were satisfied and therefore the dictates of due process were met (see, also, Matter of Merola v Fico, 81 Misc 2d 206).
When the defendant appeared at the lineup he placed a hat over his head and refused to participate. The District Attorney now moves this court for a further order directing compliance through limited forceful means. Counsel for the defendant strenuously objects. His position is that since there has been no warrant of arrest issued or accusatory instrument filed, the matter is still in the investigatory stage. That being the case, he further contends that *887 the defendant cannot be compelled to reveal his face as that would in fact compel him to participate in an incriminating procedure in derogation of his Fifth Amendment rights, which this court is not empowered nor does it have the jurisdiction to order. He adds that the suspect has determined that the proposed lineup is tainted and suggestive and for that additional reason he will not participate in it.
Absent probable cause, this court does not have the jurisdiction or authority to order the detention of the defendant and that includes seizure of his person for the purposes of a lineup. But when a court finds that probable cause exists, as it did here, then it has jurisdiction not only of the person, but of the subject matter and as such has the power to grant the relief necessary to implement that jurisdiction (see Matter of District Attorney v Angelo G., supra; Matter of Burke v Sullivan, supra).
The Fifth Amendment question that defendant raises has been dealt with by the Supreme Court repeatedly. In United States v Wade (388 US 218), Schmerber v California (384 US 757), and Holt v United States (218 US 245), the court held compelling the accused merely to exhibit his person for observation by a prosecution witness is not compulsion to give evidence having testimonial significance. The distinction is that the privilege is a bar against compelling “communications” or “testimony”, but that compulsion which makes a suspect or accused the source of “real or physical evidence” does not violate it. Moreover, there is, or at least there should be, a mutual interest in resolving the issue of preliminary identification. It is of interest to the suspect because if he is not identified he should be released. It is of interest to the prosecution because if identification not be made, investigations should continue to apprehend the real criminal. It is in the public interest, as well, that the issue of identification be resolved.
Once having found probable cause to issue the order, the same probable cause exists to enforce it. The fact that the suspect has still not been formally charged changes nothing, and if he can frustrate the order of this court by refusing to participate because of his unilateral conclusion *888 that the lineup is unfairly constituted, the authority cited herein on which this court relies would have no meaning. Suggestibility in the lineup, if any, will be preserved for judicial review in a pretrial Wade hearing. To accept the suspect’s judgment as a basis to vacate the original order would indeed be a predicate for the famous Dickens quote when Mr. Bumbles said in Oliver Twist “If the law supposes that * * * the law is a ass”.
The District Attorney’s application is granted to the following extent:
Upon due notice to his counsel, the suspect will be brought to the lineup for normal identification procedure. If the suspect resumes his former conduct, proper and reasonable force may be used to compel compliance. Necessary precautions must be taken to avoid suggestibility if such reasonable force is required.