■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HUNTER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lodato, J.), rendered October 18, 1979, convicting him of robbery in the second degree, burglary in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant contends that a lineup was conducted in violation of his right to counsel. On the argument of the appeal, the prosecution conceded that defendant had been placed in custody at the time of the lineup. However, the defendant was not under arrest, nor had an accusatory instrument been filed against him. Rather, the defendant was taken to the police station for the lineup after he had been identified by the victim from photographs shown to her by the police. The custody of the defendant for the purpose of a lineup was therefore justified. Under these circumstances, the defendant's right to counsel had not attached (see *People v Blake,* 35 NY2d 331). We do not find, either, that the delay in seeking the defendant for the lineup during a period of five weeks after the robbery was for the purpose of depriving the defendant of counsel at the lineup (cf. *People v Blake, supra,* p 340). The lineup was the product of probable cause (cf. *Matter of District Attorney of Kings County v Angelo G.,* 48 AD2d 576, 578, app dsmd 38 NY2d 923). We have examined the remaining contentions of the defendant and find them to be without merit. Hopkins, J. P., Gibbons, Rabin and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNA LOPEZ, Appellant. — Appeal by defendant from two judgments of the Supreme Court, Kings County (Ryan, J.), both rendered October 15, 1979, convicting her of two counts of criminal sale of a controlled substance in the sixth degree, upon her pleas of guilty, and imposing sentences. Judgments affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Accordingly, counsel's request for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Hopkins, J. P., Gibbons, Rabin and Cohalan, JJ., concur.