OPINION OF THE COURT
Robert J. Stolarik, J.
This is a motion by the People for an order directing defendant Boudin to appear in a corporeal lineup pursuant to CPL 240.40 (subd 2, par [b], cl [i]). The defendant cross-moves for an order granting a stay of discovery.
The People allege that on or about October 20, 1981 a Brink’s armored truck and three Brinks guards were robbed of $1.6 million outside the Nanuet National Bank. During the course of the robbery gunshots were fired and one Brinks guard was killed and another seriously wounded. Witnesses to the robbery stated that a number of participants arrived upon and fled from the scene in a late model red Chevrolet van. This van was later abandoned behind a vacant department store a short distance from the site of the robbery and the participants were observed by witnesses transferring into a late model Honda automobile and a U-Haul truck. Within minutes of the robbery and transfer, the U-Haul was stopped by Nyack police officers at the intersection of Mountainview Avenue and Route 59 where it was attempting to enter the southbound New York State Thru way. At this location “gunpersons” exited *524 the rear of the U-Haul vehicle, firing weapons which killed two police officers and wounded a third. Defendant Boudin has been identified through photographic arrays by eyewitnesses as having been present at the scene of the shootout at Mountainview Avenue. She has also been identified by eyewitnesses as having been a passenger in the U-Haul truck in which a large portion of the proceeds of the Brinks robbery was recovered and as having attempted to flee from the scene of the shoot-out at Mountainview Avenue. A comparison of particles of glass found on defendant Boudin’s person shortly after her arrest, with glass from the passenger side windshield of the Brinks truck, places defendant at the scene of the robbery. Defendant Boudin was apprehended at the scene of the Mountainview shootout and was subsequently indicted by a Rockland County Grand Jury for the crimes of felony murder, robbery, assault and grand larceny. Three witnesses previously participated in a corporeal lineup of defendant Boudin on October 20,1981 prior to the filing of charges. Of the three witnesses who viewed this corporeal lineup, two individuals identified defendant Boudin. It is the People’s intention to conduct a lineup for those eyewitnesses who have previously identified defendant Boudin only through photographic arrays. The persons who have previously viewed defendant in a corporeal lineup would not participate in the lineup which is being requested.
Defendant contends that the People have failed to satisfy the requisite criteria for the granting of the requested relief, namely , that (a) specific need or justification has not been demonstrated and (b) that the conduct of a corporeal lineup would not violate any constitutional safeguards. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, 1972-1981 Supp Pamphlet, CPL 240.40, p 357.) Defendant further contends that the appearance of defendant’s photograph in newspapers, television, magazines, etc., would cast an unconstitutional taint on any future corporeal identification and that the instant application is premature since the validity of the identification procedures utilized in this case have not yet been litigated. Requiring the defendant to appear in a lineup does not run afoul of defendant’s Fifth Amendment rights regarding *525 evidence of a testimonial or communicative nature (United States v Wade, 388 US 218; Schmerber v California, 384 US 757). However, the court must concern itself with construing the provisions of CPL 240.40 (subd 2, par [b], cl [i]). What must the People demonstrate to the court to warrant the issuance of an order directing defendant Boudin to appear in a corporeal lineup?
CPL 240.40 (subd 2, par [b], cl [i]) provides that: “Upon motion of the prosecutor, and subject to constitutional limitation, the court * * * may order the defendant to provide non-testimonial evidence. Such order may, among other things, require the defendant to: (i) Appear in a lineup” (emphasis supplied).
The court finds that defendant has failed to raise any constitutional limitations which would warrant the denial of the instant application. Defendant’s contention that a subsequent corporeal lineup would be unconstitutionally tainted as a result of the publication of her photograph would be an issue to be decided within the context of a pretrial Wade hearing. Nor does the court find that the conduct of Wade hearings are a condition precedent to the granting of an order pursuant to CPL 240.40 (subd 2, par [b], cl [i]). The court agrees with Professor Bellacosa’s commentary to CPL 240.40 and the discussion contained in People v Handley (105 Misc 2d 215, 216-217) which indicates that the granting of relief pursuant to CPL 240.40 (subd 2, par [b], cl [ij) is permissive or discretionary. The very utilization of the word “may” in the statute is indicative of the Legislature’s intent. Otherwise stated, the prosecutor is under a burden to demonstrate “probable cause” for the “necessity” of the proposed procedure (Matter of Barber v Rubin, 72 AD2d 347, 352), a requirement which is in addition to the demonstration of “probable cause” that a crime has been committed and the defendant has committed it. In Matter of Barber as in the instant case, the People have demonstrated that the defendant was at the scene of the crime. In Matter of Barber, the People produced additional evidentiary facts which demonstrated the “necessity” or justification for the proposed procedure, in that case the extraction of hair samples from the defendant. In that case, the court had been informed that an autopsy and *526 scientific testing had revealed that the victim’s hand had grasped hairs which were not her own. These facts clearly warranted a finding that “probable cause” existed for the “necessity” of conducting the proposed procedure. In People v Trocchio (107 Misc 2d 610, 612), the People informed the court that they were in possession of articles of clothing and sought to compare the defendant’s blood and saliva samples with blood found on the articles of clothing. The court found that these facts established the probable cause for the “necessity” of the taking of defendant’s blood and saliva samples.
The People’s allegation that the standard of “probable cause for the necessity of the conduct of the lineup procedures” is not a proper inquiry pursuant to CPL 240.40, is without legal merit. The court finds no valid legal basis for differentiating between the legal requirements for the conduct of a lineup (CPL 240.40, subd 2, par [b], cl [i]) versus the requirements for the conduct of the other procedures enumerated in CPL 240.40 (subd 2, par [b], els [ii][vii]). The People’s attempt to restrict “probable cause for necessity” to only the more intrusive procedures (i.e., cl [v], samples of blood, hair or other materials taken from the defendant’s body) is refuted by the very construction of the statute. The identical criteria apply to each of the items listed in clauses (i) through (vii). Concededly, the removal of material from the body would be a factor for the court to consider in determining the “necessity” for the conduct of the requested procedure. Matter of Pidgeon v Rubin (80 AD2d 568), which does not construe CPL 240.40, does not set forth a different principle of law as it relates to lineup applications pursuant to CPL 240.40. (Matter of Pidgeon, supra, p 569, deals only with the preindictment test for a lineup which requires the demonstration of probable cause to believe “that petitioner had engaged in criminal activity.”) If Matter of Pidgeon had indeed established a lesser threshold test for lineup applications pursuant to CPL 240.40, it would follow that the the People would only be required to inform the court that defendant had been indicted, for the indictment itself would establish probable cause regarding the defendant’s criminal activity. Clearly, CPL 240 does not envision such minimal inquiry. The *527 cases cited by the People are in accord. (In Matter of Pidgeon, supra; People v Hunter, 84 AD2d 821; and People v Falco, 67 Misc 2d 520, the court had been informed that eyewitnesses to the crime had identified the defendant and, based upon these facts, the granting of a lineup order was found to be proper.)
The court finds that the facts submitted on the instant application establish probable cause for the “necessity” of conducting the requested lineup procedure. The court has been informed that the People intend to produce eyewitnesses to the October 20, 1981 events who have not previously participated in a corporeal identification procedure and have previously identified defendant Boudin through the conduct of a photographic array. The court finds no prohibition regarding the conduct of this “confirmatory” identification procedure. Based upon the admissibility of evidence of a previous corporeal identification procedure as evidence in chief at trial (CPL 60.25, 60.30) versus the inadmissibility of evidence of a prior photographic identification procedure, it is apparent that the People have established probable cause for the “necessity” or reasonableness of the requested lineup procedure. (Matter of Barber v Rubin, 72 AD2d 347, 352, supra.)
The People may conduct a corporeal lineup of defendant Boudin in the presence of defendant’s counsel, defendant to be viewed only by witnesses to the events which occurred in Rockland County on October 20, 1981 which are the subject of the instant indictment. Witnesses who have previously participated in a corporeal lineup of defendant Boudin shall not be permitted to participate in this corporeal lineup. The court notes that with respect to the conduct of the lineup, the People have consented to the presence of defendant’s counsel, to the photographing and stenographic recording thereof, to permit defense counsel to choose defendant’s position, and to giving three days’ prior notice. The other requests made by defendant with respect to the conduct of the lineup are denied.
The defendant’s cross motion for an order staying the conduct of the requested corporeal lineup procedure is denied in its entirety. As previously stated, the completion of pretrial discovery and the conduct of pretrial hearings *528 are not a condition precedent to the granting of relief requested pursuant to CPL 240.40 (subd 2, par [b], cl [i]).
Many of the items for which defendant seeks disclosure have been decided by this court on the omnibus motion decision which is filed herewith.