OPINION OF THE COURT
Cornelius J. O’Brien, J.
This is an application by the District Attorney of Queens County, proceeding by order to show cause, on notice to defense counsel, for an order compelling respondent to stand in a lineup.
The respondent, Thomas Andrews, presently incarcerated in Rikers Island on an unrelated charge, was tentatively identified by photograph on August 13,1982, by one Eddie De Rose as one of the persons who robbed him while displaying what appeared to be a shotgun, at a Shopwell supermarket located at 75-55 31st Avenue in Queens County. On September 2, 1982, one Kenny Anderson photographically identified respondent as “one of the persons who forcibly stole a sum of United States currency from him on July 18, 1982, at the same location”.
The People contend that if this court directs that the respondent stand in a lineup, it should also rule that not only is he to be viewed by De Rose and Anderson but also by all other witnesses to the crimes, whether they tentatively identified him from photos or not. Additionally, *617 since the respondent is a “suspect” in several other crimes, the People claim that witnesses to these other crimes, who presumably have not tentatively identified the respondent, should also be permitted to view him.
According to the People, the important issue as to whether a person who can properly be compelled to stand in a lineup in a case where probable cause has been established, can also be viewed by witnesses in other cases where he is merely a suspect, has never been addressed by the New York courts. Citing Adams v United States (399 F2d 574), United States v Stevenson (443 F2d 661) and United States v Anderson (490 F2d 785), it is claimed that once probable cause is established permitting a lineup, the respondent may be “viewed by witnesses in other cases in which [he] might be involved” (United States v Stevenson, supra, p 662) as long as he is a suspect in those other cases.
Unfortunately, for the People’s position, it would seem clear that while the New York courts have not squarely faced this issue before, they have addressed it inferentially nonetheless. In the recently decided case of Matter of Pidgeon v Rubin (80 AD2d 568) the Appellate Division, Second Department, citing Matter of District Attorney of Kings County v Angelo G. (48 AD2d 576), Matter of Merola v Fico (81 Misc 2d 206), People v Mineo (85 Misc 2d 919) and People v McClain (88 Misc 2d 693) stated that “[i]t has been consistently held by the courts of this State” that a suspect incarcerated on an unrelated charge cannot be made to stand in a lineup unless he has been given proper notice in an application spelling out probable cause for the granting of the relief sought (Matter of Pidgeon v Rubin, supra, p 568).
Still more recently in Matter of Abe A. (56 NY2d 288, 295), the Court of Appeals, after indicating that holdings in other jurisdictions allowing the seizure of an individual on a “standard below that of probable cause to arrest” are not “constitutionally firm”, held that absent exigent circumstances such a seizure can never be allowed on less than probable cause.
Matter of Abe A. (supra), although it involves a court order for the taking of a blood sample, is clearly applicable to lineups as well. Judge Fuchsberg cites Matter of Al *618 phonso C. (Morgenthau) (50 AD2d 97), People v McClain (supra) and Matter of Merola v Fico (supra), all lineup cases, for the proposition that “[t]he question [before the court] has yielded diverse opinions in the lower courts of this State” (supra, pp 290-291).
Addressing the question as to whether it would be inclined to sanction a procedure similar to an “Adams order” (see United States v Stevenson, 443 F2d 661, 662, supra) the court said: “while in many States statutes or rules authorize their courts to compel a person whose status is no more than that of a suspect to supply nontestimonial evidence * * * our Criminal Procedure Law does not. And, absent express authorization, we have not favored importing such power by implication * * * Nor, therefore, are general enactments, such as section 2-b of the Judiciary Law to be construed to fill any supposed void” (Matter of Abe A., supra, pp 293-294).
The rather sparse affirmation submitted by the People sets forth sufficient probable cause justifying that respondent be made to stand in a lineup to be viewed by Eddie De Rose and Kenny Anderson in connection with the crimes allegedly committed on August 13, and September 2,1982.
This court sees no legal reason why, once probable cause for a lineup has been established, a prospective defendant cannot be viewed by all witnesses to an alleged crime. However, before an order will be signed to effectuate this, the People must submit a supplemental affidavit or affirmation setting forth specifics as to who are to view respondent and what are their connections to the events of August 13, and September 2, 1982.
With regard to all other crimes in connection with which respondent may be a suspect, he may not be viewed by any witnesses thereto, absent a showing of probable cause to arrest him for each separate crime.
Accordingly, the application of the People is granted in part and denied in part.