■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER LA PLACA, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered October 17, 1985, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The bare assertion, without support in the record, that counsel was "nearby" or "on the way" to the courthouse when the police conducted a preindictment investigatory lineup, provides no basis for the contention that the defendant's right to counsel was thereby violated. While a suspect's attorney retained on an unrelated matter may not be excluded from such lineup proceedings, the police need not affirmatively notify counsel of an impending lineup nor ascertain whether or when counsel is expected to appear *(see, People v Hawkins,* 55 NY2d 474, 487, *cert denied* 459 US 846).

The subsequent court order directing the defendant to remove his beard and take part in a second lineup neither violated CPL 240.40 (2) *(see, Matter of Pidgeon v Rubin,* 80

AD2d 568; *People v West,* 111 Misc 2d 658, 659-660), nor improperly deprived him of any constitutional right without the necessary justification *(see, People v Vega,* 51 AD2d 33).

Finally, the defendant's unsupported assertion that his guilty plea was induced by a misrepresentation made by trial counsel alleges facts outside the record and cannot be properly raised on appeal; the proper vehicle for relief is a motion to vacate the judgment pursuant to CPL article 440 *(see, People v Wetmore,* 51 AD2d 591). Moreover, under these circumstances, the defendant's allegations are insufficient to entitle him to a hearing on the issue of the voluntary nature of the plea *(see, People v Ramos,* 63 NY2d 640, 642). Niehoff, J. P., Rubin, Lawrence and Sullivan, JJ., concur.