OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant pleaded guilty to criminal possession of a controlled substance in the second degree after the police seized more than four ounces of cocaine from hir home. The entry into defendant’s home and seizure of the contraband was made pursuant to a warrant issued on the basis of information supplied by an informant. The question on this appeal is whether the issuing magistrate had sufficient information before him to make a reasoned determination that the tip was credible and that its substance was derived in a reliable way.
The warrant application was in the form of an affidavit by a State trooper recounting the statements of the informant, who had observed cocaine in defendant’s home the previous day. Attached to the sworn statement was a transcript of a meeting between a police investigator and the informant, in which the informant described the interi- or of defendant’s home, the place in the home where the cocaine was kept, and the circumstances under which the informant had occasion to observe the cocaine.
On this appeal, defendant does not argue that the substance of the informant’s tip, that cocaine was located in defendant’s home, could not form a basis for a determination of probable cause or that the asserted means (firsthand observation) by which the informant gained this information could not. be deemed reliable. Rather, defendant argues that there was insufficient information before the magistrate for him to infer that the particular information was credible or that the informant was trustworthy.
It is true that on this record no reasonable inference could be drawn that the informant himself was trustworthy. He was not merely a citizen-informant coming forward of his own free will. Indeed, the information was forthcoming only after the informant, having been observed by an *727 undercover officer entering and exiting defendants home, was arrested and five ounces of cocaine was taken from his person. Moreover, the warrant application contained no other information, such as that the informant had previously supplied police with reliable information, from which the informant could be deemed trustworthy.
Although the informant’s general trustworthiness was never established, the particular tip he supplied could, nevertheless, be properly considered by the issuing magistrate as credible. The informant’s admission that he had that day purchased cocaine from defendant was offered contrary to his penal interests. And, notwithstanding that the informant was caught “red handed” with the cocaine and could be viewed as having little to lose by falsely relating where the contraband was purchased, it can also be inferred that an individual in the informant’s position would not lightly mislead the police and thereby exacerbate his predicament (see People v Rodriguez, 52 NY2d 483, 490). In any event, a portion of the informant’s statement, namely that he had observed cocaine in defendant’s home, was corroborated by police observations of the informant visiting the defendant’s home and the discovery of a large quantity of cocaine on the informant’s person. This corroboration, when combined with the fact that, on a reasonable view of the circumstances in which it was made, the statement could be considered contrary to the informant’s penal interest, provided a sufficient basis for the magistrate to conclude that the tip was credible, although perhaps not admissible on the issue of defendant’s guilt.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Simons and Kaye concur; Judge Meyer taking no part.
Order affirmed in a memorandum.