■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CARROUTHERS, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Ritter, J.), rendered February 24, 1983, convicting him of robbery in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of 12½ to 25 years' imprisonment. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of identification testimony.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's sentence to an indeterminate term of 7½ to 15 years' imprisonment; as so modified, the judgment is affirmed.

The defendant's claim that he was denied his right to counsel at the lineup is without merit. A pending unrelated criminal case upon which an arrest warrant has issued does not bar the police from placing the arrested suspect in a

lineup for identification in a separate case, provided there is an independent showing of probable cause to arrest him in the separate case *(see, People v Kazmarick,* 52 NY2d 322; *Matter of Santucci v Andrews,* 117 Misc 2d 616). A defendant's right to counsel has not attached where lineup procedures occur prior to the initiation of formal judicial proceedings against him *(see, Kirby v Illinois,* 406 US 682; *People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846).

However, the sentence was excessive to the extent indicated.

We have considered the defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.