■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAWLEIGH THOMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered September 8, 1987, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The testimony of the undercover officer was heard in the cleared and closed courtroom. "[N]o closing can be tolerated that is not preceded by an inquiry careful enough to assure that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" *(People v Jones,* 47 NY2d 409, 414-415, *cert denied* 444 US 946). Such a closing is per se reversible error *(People v Romain,* 137 AD2d 848). Here, the court made no inquiry of the witness prior to closure. Nor did it articulate specific findings sufficient to justify closing the courtroom. This was error *(see, People v Cuevas,* 50 NY2d 1022; *People v Baldwin,* 130 AD2d 666, 667). Thus, the defendant's conviction is reversed as no prejudice need be demonstrated, and the harmless error doctrine is not applicable to this error *(see, People v Jones, supra).*

The defendant also contends that the court's decision to discharge a juror was in error. That juror requested to be discharged midway through the trial, claiming that the trial's unexpected length would cause her to forfeit a deposit of approximately $1,000 she had made towards her vacation airfare and hotel reservations.

The defendant's contention in this regard is without merit. The decision to discharge the juror was within the broad

discretion of the court and was made after a thorough inquiry and a recitation of the facts and reasons for invoking the statutory authorization of CPL 270.35 *(see, People v Page,* 72 NY2d 69, 73). There was, therefore, no error *(see, People v Burns,* 118 AD2d 864). Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.