■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE MAXWELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kellam, J.), rendered July 18, 1986, convicting him of attempted robbery in the second degree under indictment No. 5412/85, upon a jury verdict, and imposing sentence, and a purported appeal by the defendant from a judgment of the same court, also rendered July 16, 1986, convicting him of attempted robbery in the first degree under indictment No. 6167/85, upon his plea of guilty, and imposing sentence.

Ordered that the judgment under indictment No. 5412/85 is affirmed; and it is further,

Ordered that the purported appeal from the judgment under indictment No. 6167/85 is dismissed; and it is further,

Ordered that the decision and order of this court dated March 17, 1989, is vacated to the extent that it appointed counsel to prosecute the appeal from the judgment rendered on indictment No. 6167/85.

The defendant contends with regard to indictment No. 5412/85 that the court infringed upon his constitutional right to a trial by a chosen jury (NY Const, art I, § 2; *People v Anderson*, 70 NY2d 729, 730; *People v Buford*, 69 NY2d 290, 297-298). He bases his argument on the fact that after the close of the People's case, the Trial Judge released a juror who was scheduled to attend a convention in New Orleans and who, as a result, would be unable to continue to attend the trial for three days.

CPL 270.35 provides, in pertinent part that a court must discharge a juror: "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict, a juror is unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service".

This court has recently stated that the statutory language should be construed in accordance with its common everyday meaning which permits the court, in the exercise of its discretion, to make a determination on a case-by-case basis *(People v Rosa*, 138 AD2d 753; *People v Washington*, 131 AD2d 118, *affd* 72 NY2d 69). Under the circumstances of this case, which are adequately set out on the record and which include the fact that the juror made known his travel plan during voir dire and was assured that the trial would conclude before his scheduled departure date and was thereafter seated without objection, the court's decision to discharge the juror was proper *(see, People v Thompson*, 151 AD2d 626; *People v Washington*, 151 AD2d 384). Moreover, the defendant did not object to the discharge of the juror.

The defendant also claims that the plea allocution conducted in connection with his bargained-for plea of guilty to attempted robbery in the first degree in satisfaction of indictment No. 6167/85 was insufficient. However, the defendant failed to file a notice of appeal from the judgment rendered on that indictment and therefore cannot challenge the propriety of his plea allocution *(see,* CPL 460.10 [1] [a]; 460.30; *People v Thomas*, 47 NY2d 37, 43).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.