■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA NARANJO, Appellant.—Judgment of the Supreme Court, New York County (Brenda Soloff, J., at suppression hearing; Edwin Torres, J., at plea and sentence), rendered on September 22, 1987, convicting defendant, upon her plea of guilty, of Criminal Possession of a Controlled Substance in the Fifth Degree and sentencing her, as a predicate felon, to a term of two to four years is unanimously affirmed.

Housing Authority police officers arrested James Criscuolo in the lobby of defendant's apartment building on June 23, 1984 in possession of cocaine and heroin. Criscuolo told the police he had purchased the narcotics from a woman he called "J.D. Bushyhair" in Apartment 7I, defendant's apartment. He also told them he had purchased narcotics from the same individual three months earlier in the same apartment. Based upon these statements, Officer McMahon obtained a search

warrant and searched Apartment 7I that same day. When the police arrived defendant put three glassine envelopes of heroin and a .22 caliber gun in her daughter's panties. The officers also discovered 60 glassines of cocaine in a flower pot and almost 90 tablets of valium in a dresser. The suppression court denied defendant's motion to "quash" the search warrant and to suppress the evidence without a hearing and defendant subsequently pleaded guilty.

Defendant's contention that the warrant court violated the recordation requirement set forth in CPL 690.40 because it interviewed the informant Criscuolo, but did not preserve a record of that interview, is without merit.

While Officer McMahon noted in his application for the search warrant that the informant was available for examination, neither his affidavit, nor the copy of the warrant before us, indicates whether the informant was interviewed. Nor does the record contain a transcript of the warrant proceeding.

While the suppression court denied the motion to quash on the ground that probable cause for the search had been established by the statements of Criscuolo contained in the written application, it noted, without explanation of where it obtained the information, that the warrant court had examined Criscuolo and had found him credible but that the minutes of that examination had been lost and the parties did not remember what had transpired at the examination. This dicta by the suppression court forms the crux of defendant's motion, i.e. the supposed "violation" by the warrant court of the recordation requirement of CPL 690.40. However, defendant never raised this issue before the suppression court, either in making the motion to suppress or after Criminal Term denied the motion. Accordingly, this issue is unpreserved. Because of defendant's failure to raise this issue, the record before us does not contain facts necessary for a meaningful review. In the absence of these facts, any claimed violation of CPL 690.40 cannot be considered by us. In addition, even defendant, in her brief before us, notes that "the instant record provides absolutely no factual basis" for the conclusion of the hearing court that any such "minutes" of an interview with the informant ever existed. Defendant's failure to request a hearing in a timely fashion has made the chances of reconstructing what transpired at the warrant hearing difficult if not impossible at this time, years later.

In any event, as Criminal Term concluded, the affidavit of Officer McMahon, without more, established probable cause for the search warrant. This written application was complete

on its face and recited statements made by the informant Criscuolo which were declarations against penal interest and thus inherently reliable. *(Cf., People v Taylor,* 73 NY2d 683, where application for search warrant explicitly recited it was based on sworn testimony before the Magistrate by confidential informants and there was no showing that written application demonstrated or even attempted to demonstrate the reliability of the informants.)*

In determining the sufficiency of an affidavit in support of a search warrant application, New York courts must apply the *Aguilar-Spinelli* "two-prong" test in evaluating hearsay information from an informant *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410) rather than the later announced *Gates* "totality of the circumstances" test *(Illinois v Gates,* 462 US 213; *see, People v Griminger,* 71 NY2d 635). "Under this test, the application for a search warrant must demonstrate to the issuing Magistrate (i) the veracity or reliability of the source of the information, and (ii) the basis of the informant's knowledge" *(supra,* at 639).

In the instant case, the informant Criscuolo had a basis for the information he gave Officer McMahon because he bought narcotics in Apartment 7I twice from the woman who he carefully described. Moreover, the reliability of the information was assured by the fact that Officer McMahon identified Criscuolo by name and address stating he was "available" to appear before the warrant court. Accordingly, the statement by Criscuolo was a declaration against penal interest by a known and available informant. The Court of Appeals has noted such statements are reliable to support a finding of probable cause *(People v Johnson,* 66 NY2d 398, 404). Concur —Ellerin, J. P., Wallach, Kupferman, Asch and Kassal, JJ.