■ The People of the State of New York, Respondent, v Gary Woolnough, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Nassau County (Mackston, J.), rendered October 14, 1987, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of marihuana in the fourth degree, and criminal use of drug paraphernalia second degree, upon a jury verdict, and imposing sentence, (2), by permission, from an order of the same court, dated December 23, 1987, which denied his motion pursuant to CPL 440.10 to vacate the judgment, and (3), by permission, from an order of the same court, dated January 3, 1990, which denied his further motion pursuant to CPL 440.10 to vacate the judgment. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress both physical evidence and a statement made by him to law enforcement officials.

Ordered that the judgment and the orders are affirmed.

On June 9 and 10, 1986, the defendant's live-in girlfriend

sold narcotics to a confidential informant, after the informant had telephoned her at the defendant's apartment to set up the deals. According to an affidavit submitted by Police Officer Warren Haacke in support of his application for a search warrant for the defendant's apartment, these pre-buy telephone conversations between the defendant's girlfriend and the informant were tape-recorded. On each occasion the girlfriend emerged from the defendant's apartment 6D, on the sixth floor of 100 Washington Street, Hempstead, and took the elevator down to the lobby, where she met the informant and exchanged the drugs for money. Among other things, she told the confidential informant that her "husband" kept his cocaine in a safe in their apartment because he did not trust her.

On June 11, 1986, Officer Haacke obtained a search warrant authorizing him to search the defendant's apartment. The affidavit establishing probable cause for the warrant was sealed by the issuing Judge, to protect the identity of the confidential informant. On June 19, 1986, shortly after 3:00 P.M., Officer Haacke and fellow officers executed the warrant, after displaying it to the defendant. In one room, Officer Haacke observed a quantity of marihuana (5.93 ounces) and drug paraphernalia in plain view, while in the bedroom closet he saw a large floor safe. When, in response to the defendant's repeated questions as to what the police wanted in his apartment, Officer Haacke replied that they "were there for what was in the safe", the defendant announced that "what was in the safe was his. It was his business", and that his girlfriend "had nothing to do with it". Somewhat more than a kilo, or 35.82 ounces of cocaine, was recovered from the safe.

On appeal, the defendant contends, *inter alia,* that the search warrant was not based upon probable cause. We find, on the contrary, that the affidavit supporting the search warrant was entirely adequate. In addition to the informant's demonstrated past reliability resulting in at least one prior conviction *(see, People v Proctor,* 155 AD2d 624, 625), he provided information that was contrary to his own penal interest, as his knowledge was based upon personal purchases of drugs, and the police additionally observed "sufficient details corroborative of the informant's data to indicate that he knew whereof he spoke" *(People v Elwell,* 50 NY2d 231, 237; *People v Burks,* 134 AD2d 604, 605).

It was also proper for the court to have sealed the affidavit supporting the search warrant, in order to protect the anonymity of the confidential informant, and to protect him from danger, given the defendant's "prior record and the nature of

his present activities". It is well known that violence is typically associated with narcotics trafficking (see, People v Rosario, 94 AD2d 329, 336, quoting from United States v Oates, 560 F2d 45, 62). Moreover, the defendant had a history of assaultive behavior and weapons possession. Indeed, a Glenfield 12 gauge shotgun was found in his apartment when he was arrested.

The defendant was given the opportunity to have an Alfinito hearing (see, People v Alfinito, 16 NY2d 181), wherein he could have tested Officer Haacke's veracity about the existence of the confidential informant. However, he failed to submit a written sworn statement alleging falsehoods in the search warrant affidavit sufficient to raise any doubt as to the probable cause supporting the issuance of the warrant, with the result that his application for an Alfinito hearing was properly denied (see, CPL 710.60 [1], [3] [b]; People v Reynolds, 71 NY2d 552; People v Fernandez, 67 NY2d 686, 688; People v Bowman, 155 AD2d 606).

After dismissing four attorneys and electing to proceed pro se—despite the trial court's attempts to dissuade him, and its ultimate insistence that he at least use standby counsel—the defendant cannot now complain that he received ineffective assistance of counsel, or that he himself was incompetent at the time of the trial. Once the defendant has refused the assistance of counsel, "he may not be heard to complain later that the court failed to protect him from his own ineptitude" (United States v Flewitt, 874 F2d 669, 675).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620; People v Benzinger, 36 NY2d 29), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find that they are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.