■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FELICIANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered April 17, 1990, convicting him of burglary in the first degree and assault in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of 12½ to 25 years imprisonment and a definite term of one year imprisonment, respectively, the sentences to run concurrently.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment for burglary in the first degree to 7½ to 15 years; as so modified, the judgment is affirmed.

The defendant contends that the jury verdict acquitting him of criminal possession of a weapon in the second degree while convicting him of burglary in the first degree was repugnant insofar as the acquittal on the former charge demonstrated conclusively that the jury found that the People had failed to establish that he had been armed with a deadly weapon, which was an essential element of burglary in the first degree. We disagree.

"When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" *(People v Tucker,* 55 NY2d 1, 4). In such cases, it is necessary to determine whether the defendant's acquittal on one or more counts necessarily negated an essential element of another count of which defendant was convicted *(People v Goodfriend,* 64 NY2d 695, 697). In this case, because the material elements of burglary in the first degree and criminal possession of a weapon in the second degree, as charged to the jury, were not identical, acquittal of the latter did not negate an essential element of the former.

The sentence imposed was excessive to the extent indicated.

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05) or without merit. Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.