■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MESSINA, Appellant. [619 NYS2d 135] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered January 30, 1992, convicting him of burglary in the first degree, criminal possession of stolen property in the fourth degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the search warrant at issue was not based upon probable cause. We disagree. "In determining the sufficiency of an affidavit in support of a search warrant application, New York courts must apply the *Aguilar-Spinelli* 'two-prong' test in evaluating hearsay information from an informant *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410) rather than the later-announced *Gates* 'totality of the circumstances' test *(Illinois v Gates,* 462 US 213; *see, People v Griminger,* 71 NY2d 635). 'Under this test, the application for a search warrant must demonstrate to the issuing Magistrate (i) the veracity or reliability of the source of the information, and (ii) the basis of the informant's knowledge' *(supra,* at 639)" *(People v Naranjo,* 174 AD2d 546, 548).

Here, the accomplices provided information that was con-

trary to their own penal interests, as their knowledge was based upon their own involvement with the defendant in the criminal enterprise, and the police additionally observed " 'sufficient details corroborative of the informant[s'] data to indicate that [they] knew whereof [they] spoke' " *(see, People v Woolnough,* 180 AD2d 837, 838, quoting *People v Elwell,* 50 NY2d 231, 237). Under these circumstances, the Supreme Court properly held that the affidavit in support of the search warrant application was sufficient *(cf., People v Cassella,* 143 AD2d 192).

The defendant also contends that the jury verdict acquitting him of seven counts of burglary in the second degree while convicting him of burglary in the first degree and criminal possession of stolen property in the fourth degree was repugnant. We disagree. " 'When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury' " *(People v Feliciano,* 187 AD2d 448, quoting *People v Tucker,* 55 NY2d 1, 4). Here, the material elements of burglary in the first degree and criminal possession of stolen property in the fourth degree, as charged to the jury, were not identical to the material elements of burglary in the second degree. Therefore, the acquittals did not negate an essential element of the counts upon which the defendant was convicted *(see, People v Feliciano, supra).*

The court permissibly sentenced the defendant to consecutive terms of imprisonment because the defendant's possession of a weapon in the car and the accomplice's possession of a knife while committing the burglary two blocks away were not a "single act" (Penal Law § 70.25 [2]; *see, People v Day,* 73 NY2d 208; *People v Brathwaite,* 63 NY2d 839).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.