■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN L. BOWERS, Appellant. [621 NYS2d 145] —Mikoll, J. P. Appeals (1) from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered June 25, 1991, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree, and (2) from a judgment of said court, rendered August 23, 1991, which resentenced defendant for said crimes.

The indictment of defendant on unlawful drug possession charges arose out of the stoppage of his car for a traffic law violation during the course of which State Trooper Mark Cave observed some green vegetation inside a plastic bag as defendant opened a floor console located between two front bucket seats. At the time, defendant was placing his license and registration in the floor console after Cave returned them to him. Cave stated that he believed the vegetation to be marihuana based on his prior police experience. Cave arrested defendant and his passenger, codefendant Linda Ryan, and then, upon a search of the vehicle, discovered 14 plastic bags containing a white crystalline substance (which proved to be cocaine) within a brown plastic bag lying on the floor near the front passenger seat.

After a jury trial, defendant was acquitted of criminal possession of a controlled substance in the third degree but convicted of criminal possession of a controlled substance in the fourth degree and in the seventh degree. He was thereafter sentenced but the sentence was vacated upon motion of the People. Thereupon he was resentenced to time served plus five years' probation on the fourth degree conviction and three years' probation on the seventh degree conviction.

We find no merit to defendant's initial contention that

County Court erred in granting the People's request for a missing witness charge because the witness, Blaine Bowers, the brother of defendant, invoked his 5th Amendment privilege against self-incrimination concerning "material issues" in the case rendering him "unavailable" to defendant's defense even though he was present at trial. Here, defendant's mother had testified about Bowers' ability to enter defendant's house without a key and that Bowers' handwriting appeared on a piece of paper found in the plastic bag in defendant's car containing the 14 packets of cocaine. Defendant's mother also testified that Bowers lived near defendant and identified defendant's mailbox.

Defendant informed County Court that he had subpoenaed Bowers but that Bowers would take the 5th Amendment. Bowers testified before County Court, in the jury's absence, that he had earlier seen the bag seized from defendant's vehicle, that it was in his possession at one time and that he put the bag in defendant's mailbox on the morning of the day of defendant's stop and arrest. Bowers, however, refused to answer questions relating to his use, possession or transport of cocaine. Defendant did not call Bowers to testify before the jury and County Court gave an adverse inference charge to the jury in response to the People's request. Defendant's argument that this was error fails. As defendant came forward with evidence material to the case but failed to call Bowers, who was under defendant's control and demonstrably possessed information material to the case, a missing witness charge was proper (see, People v Gonzalez, 68 NY2d 424, 427; see also, People v Wilson, 64 NY2d 634). The instant case differs from the facts in People v Thomas (51 NY2d 466) where the witness was unavailable because the witness would clearly invoke the 5th Amendment. Here, Bowers refused to answer certain nonmaterial questions relating to his prior personal possession and use of cocaine and apparently would be able to testify without being asked questions to which he would invoke his 5th Amendment privilege.

Defendant next urges that County Court erred in discharging one of the jurors, who was not "unavailable for continued service", without making a "reasonably thorough inquiry and recitation on the record of the facts and reasons for * * * discharging * * * [the] juror based on continued unavailability" (People v Page, 72 NY2d 69, 73). The juror in question informed the court and counsel in response to questioning during voir dire on March 28, 1991 that she had plans to travel to the Netherlands on April 12, 1991 and such plans

would not distract her from her jury duties as long as she could leave as scheduled. The trial went longer than anticipated and, on April 9, 1991, before the parties rested, County Court inquired further of the juror's travel plans. The juror explained that she had prepaid tickets and would be presenting a paper at a conference in Amsterdam. On April 11, 1991, County Court discussed the situation with counsel and after summations the juror was asked if she could deliberate the following day if sequestered. The juror indicated that she could not change her travel reservations and verified that fact with her travel agent. County Court then excused her over defendant's objections. The jury deliberated with an alternate in her place and reached a verdict.

It appears that the juror who had been excused was present for the verdict. The record indicates, however, that County Court made adequate inquiry and acted properly in discharging the juror in the circumstances. Here, the juror made known her travel plans during voir dire. She was assured that the trial would end before she was to leave and was accepted without defense counsel's objection. County Court's determination to discharge her at the last moment after making sufficient inquiry as to her availability and making a proper record was not improper (see, People v Maxwell, 156 AD2d 476, 477; People v Thompson, 151 AD2d 626; but cf., People v Wright, 174 AD2d 522). County Court's conclusion that the jury deliberations might extend beyond her departure time or alternatively, due to pressure and uncertainty, adversely affect her jury deliberations was reasonable (see, People v Page, supra, at 73; People v Maxwell, supra, at 477).

Defendant's final argument, that County Court erred in not imposing the sanction of either restricting testimony by Cave and/or dismissing the indictment for the People's delay and/or failure to turn over tape recordings of police radio transmissions pursuant to the Rosario rule, is also not persuasive. The People's evidence relating to the delay and/or failure to provide tapes of the radio transmissions at issue was sufficient to support County Court's findings that not all radio transmissions were recorded and that the disputed transmissions took place on an unrecorded channel without resulting prejudice to defendant. Such findings should be accorded deference on review (see, People v Prochilo, 41 NY2d 759, 761). In the absence of a showing of prejudice resulting from the People's mistake and that the People failed to exercise good care in preserving the evidence, no sanction is required (see, People v Wallace, 76 NY2d 953, 955; People v Martinez, 71 NY2d 937,

940). Cave's testimony and that of State Police Investigator David McElligott indicates that there was no prior knowledge of defendant or of any ongoing investigation of defendant that might have influenced the stopping and arrest of defendant. Thus, no evidence of a pretextual stop was presented.

In addition, although the blotter that was produced one day before trial was delayed *Rosario* material *(see, People v Martinez, supra)*, there was no substantial prejudice to defendant resulting from such delay; consequently reversal is not warranted *(see, People v Ranghelle,* 69 NY2d 56, 63) and the sanction of reopening the suppression hearing to permit examination of McElligott on the issue was sufficient to ensure that defendant was not prejudiced due to the People's delay *(see, People v Banch,* 80 NY2d 610, 617-618; *People v Torres,* 190 AD2d 52, 54).

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgments are affirmed.