■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DELAROSA, Appellant. [626 NYS2d 827] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered September 10, 1992, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Cirigliano, J.), of that branch of the defendant's omnibus motion which was to controvert a search warrant.

Ordered that the judgment is affirmed.

The defendant contends that the search warrant was not based upon probable cause. We disagree. "In determining the sufficiency of an affidavit in support of a search warrant application, New York courts must apply the Aguilar-Spinelli 'two-prong' test in evaluating hearsay information from an informant (see, Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410) rather than the later-announced Gates 'totality of the circumstances' test (Illinois v Gates, 462 US 213; see, People v Griminger, 71 NY2d 635). 'Under this test, the application for a search warrant must demonstrate to the issuing Magistrate (i) the veracity or reliability of the source of the information, and (ii) the basis of the informant's knowledge' ([People v Griminger,] supra, at 639)" (People v Naranjo, 174 AD2d 546, 548).

"Here, the * * * [confidential informant] provided information that was contrary to [his] own penal interests, as his knowledge was based upon [his] own prior involvement with the * * * [instant] criminal enterprise" (People v Messina, 209

AD2d 642, 643; *People v Woolnough,* 180 AD2d 837, 838, quoting *People v Elwell,* 50 NY2d 231, 237). Under these circumstances, the Supreme Court properly held that the affidavit in support of the search warrant application was sufficient *(cf., People v Cassella,* 143 AD2d 192).

Furthermore, the trial court did not improvidently exercise its discretion when it precluded the defendant from presenting an alibi witnesses on the ground that the defendant did not provide adequate notice under CPL 250.20, since the defendant did not proffer a sufficient reason for his failure to comply *(see, People v Toro,* 198 AD2d 532; *People v Caputo,* 175 AD2d 290; *People v Marshall,* 170 AD2d 463).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.