■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CRAWFORD, Appellant. [633 NYS2d 556] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Thomas, J.), rendered July 1, 1993, convicting him of robbery in the first degree (two counts) and robbery in the second degree under Indictment No. 4773/92, upon a jury verdict, and (2) a judgment of the same court, rendered July 12, 1993, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts) under Indictment No. 3817/92, upon his plea of guilty, and imposing sentences. The appeals bring up for review the denial of the branch of the defendant's omnibus motion which was to suppress physical evidence and identification testimony.

Ordered that the judgments are affirmed.

It is well settled that a police officer may arrest a person without a warrant when he or she has probable cause to believe that such person has committed a crime, and probable cause may be supplied, in whole or in part, through hearsay information *(see, People v Johnson,* 66 NY2d 398). However, before probable cause based on hearsay can be found, it must appear "that the informant has some basis of knowledge for the information he transmitted to the police and that the information is reliable" *(People v Johnson, supra,* at 402). Statements against penal interest have been deemed sufficient to assure reliability "when assessing hearsay information necessary to support a probable cause determination" *(People v Johnson, supra,* at 403; *see, People v Comforto,* 62 NY2d 725). Here, the informant provided information that was contrary to his own penal interests as his knowledge was based upon his own prior involvement with the instant criminal enterprise *(see, People v Delarosa,* 215 AD2d 496; *People v Messina,* 209 AD2d 642; *cf., People v Cassella,* 143 AD2d 192). Under these circumstances, the Supreme Court properly held that the police had probable cause to arrest the defendant. Additionally, once the defendant was lawfully arrested, "it was proper for the police to place him in a lineup for a separate, unrelated crime" *(People v Griffin,* 161 AD2d 799, 800; *see, People v Whitaker,* 64 NY2d 347,

*cert denied* 474 US 830; *cf., People v Carrouthers,* 131 AD2d 770).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.