◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERON THOMAS, Appellant. [647 NYS2d 837] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Flug, J.), rendered November 19, 1993, convicting him

of murder in the second degree, conspiracy in the second degree, and criminal possession of a weapon in the second degree under Indictment No. 5888/91, upon a jury verdict, and imposing sentence; and (2) an amended judgment of the same court, also rendered November 19, 1993, revoking a sentence of probation previously imposed by the same court (Buchter, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under Superior Court Information No. N11187/91. The appeal from the judgment rendered under Indictment No. 5888/91 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment and amended judgment are affirmed.

It is well settled that a police officer may arrest a person without a warrant when he or she has probable cause to believe that such person has committed a crime, and probable cause may be supplied, in whole or in part, through hearsay information (*see, People v Johnson,* 66 NY2d 398). However, before probable cause based on hearsay can be found, "it must appear, in the language of the *Aguilar-Spinelli* rules, that the informant has some basis of knowledge for the information he transmitted to the police and that the information is reliable" (*People v Johnson, supra,* at 402). Statements against penal interest have been deemed sufficient to assure reliability "when assessing hearsay information necessary to support a probable cause determination" (*People v Johnson, supra,* at 403; *see, People v Comforto,* 62 NY2d 725). Here, the informant provided information that was contrary to his own penal interest, as his knowledge was based upon his own involvement with the instant criminal enterprise (*People v Delarosa,* 215 AD2d 496; *see, People v Messina,* 209 AD2d 642; *cf., People v Cassella,* 143 AD2d 192). Under these circumstances, the Supreme Court properly held that the police had probable cause to arrest the defendant.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Santucci and Hart, JJ., concur.