■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE L. PARKER, Appellant. [681 NYS2d 767] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered June 9, 1997, convicting him of criminal possession of a controlled substance in the third degree (two counts), resisting arrest, and criminally using drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, both the basis of the informant's statement and reliability (*see, People v Griminger,* 71 NY2d 635, 639) can be inferred from the statement because the informant had personally observed the defendant's illegal activities as well as participated in them (*see, People v Mc-Cann,* 85 NY2d 951, 953). Generally, an informant's statement against penal interest is deemed to be sufficiently reliable (*see, People v Comforto,* 62 NY2d 725; *People v Thomas,* 231 AD2d 749; *People v Crawford,* 221 AD2d 462). Further, the informant's statement was corroborated by the warrant applicant's knowledge of the defendant, including the defendant's prior arrests and conviction involving drug offenses, and his observation of the informant ingesting the packets of cocaine that he admittedly bought from the defendant (*cf., People v Williams,* 191 AD2d 473, 474). Mangano, P. J., Thompson, Santucci and McGinity, JJ., concur.