16 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RHAMED ARMSTRONG, Appellant. [700 NYS2d 149] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered June 6, 1995, convicting defendant, upon his plea of guilty, of murder in the second degree, attempted murder in the second degree, criminal use of a firearm in the first degree, robbery in the first degree (9 counts), sexual abuse in the first degree (3

counts) and criminal possession of stolen property in the fourth degree, and sentencing him to an aggregate term of 20 years to life, and from an order, same court and Justice, entered on or about May 28, 1998, denying defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

The search warrant was based on probable cause. The informant's reliability was established by the independent verification of the informant's information with respect to a number of significant details. Moreover, the informant was facing serious charges as the result of his participation with defendant in a robbery spree, and "it can also be inferred that an individual in the informant's position would not lightly mislead the police and thereby exacerbate his predicament." (*People v Comforto*, 62 NY2d 725, 727.) We reject defendant's contention that the search warrant contained an overbroad description of the property to be seized. The warrant limited the seizure of "personal papers and effects" to those that "tend[ed] to establish ownership of the premises and connect persons found therein to the premises"; under the circumstances, the warrant could not have been made more specific in describing what personal papers and effects were to be sought (*see, United States v Young*, 745 F2d 733, 759, *cert denied sub nom. Myers v United States*, 470 US 1084; *United States v Whitten*, 706 F2d 1000, 1008-1009, *cert denied* 465 US 1100).

We conclude that defendant received meaningful representation (*see, People v Ford*, 86 NY2d 397, 404). We reject defendant's contention that his counsel was deficient in failing to request a *Franks/Alfinito* hearing (*see, Franks v Delaware*, 438 US 154; *People v Alfinito*, 16 NY2d 181) to challenge the veracity of the affiant's statements in the warrant application. Defendant has failed to establish any substantial basis for his claim that the detective included false statements in the warrant affidavit, much less that any allegedly false statement was necessary to the finding of probable cause (*Franks v Delaware*, 438 US 154, 155-156, *supra*). Since defendant could not have met this "substantial preliminary showing" (*supra,* at 155), counsel was not delinquent in failing to seek a hearing on this matter. In any event, defendant has not established that such a hearing, if granted, would have led to the suppression of any evidence, or that a favorable suppression ruling would have affected the plea offer or defendant's decision to plead guilty. We note that defendant was facing numerous charges in two counties, supported by substantial evidence independent of the property recovered pursuant to the warrant.

Defendant's motion to withdraw his guilty plea was properly denied. Defendant was afforded ample opportunity to argue the application, and not only does the record fail to support his appellate contention that his counsel took a position adverse to him in regard to that application, but demonstrates to the contrary. In any event, since the court rendered its decision denying the application prior to hearing from defendant's counsel, it is clear that counsel's statements had no effect on the outcome (*see, People v Nawabi*, 265 AD2d 156). Concur— Ellerin, P. J., Tom, Rubin, Andrias and Buckley, JJ.