Raymond ARMSTRONG, also known as Rhamed Armstrong, Plaintiff–Appellant,

v.

Jeffrey D. LEBOWITZ, Justice, (Individual Capacity), Richard F. Biglin, Detective # 740, (Individual and Official Capacity) and New York City, (As a Municipality, Respondeat Superior), Defendants–Appellees.

No. 99–0233.

United States Court of Appeals, Second Circuit.

Aug. 29, 2001.

pro se.[1]

Present McLAUGHLIN, PARKER, and STRAUB, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff–Appellant, Raymond Armstrong, pro se, in forma pauperis and incarcerated, appeals a district court judgment sua sponte dismissing his complaint under 28 U.S.C. § 1915(e)(2) as barred under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[2]

---

1. Defendants-appellees did not file a brief in this case.

2. On June 1, 2000, we ordered counsel appointed to brief whether footnote 7 in *Heck* creates an exception to the requirement that

In June 1999, Armstrong filed a complaint pursuant to 42 U.S.C. § 1983 against the defendants alleging that they caused an illegal search warrant to issue and used the warrant to conduct an unlawful search and seizure. The state had previously convicted Armstrong on the basis of his guilty plea. He brought two motions to vacate his conviction under New York Crim. Proc. L. § 440.10 based on claims virtually identical to those contained in his § 1983 complaint. The state court denied both of them. The state court consolidated his appeals of the two § 440.10 rulings. In that appeal, Armstrong again claimed that the search warrant was overbroad and there was no basis for probable cause. In a carefully reasoned opinion, the state court rejected his Fourth Amendment challenge. *People v. Armstrong,* 267 A.D.2d 120, 700 N.Y.S.2d 149 (1st Dep't 1999).

We confirm the judgment of the district court but on the ground that the district court lacked subject matter jurisdiction. Before proceeding, we note, "lack of subject matter jurisdiction ... may be raised at any time ... sua sponte by the court." *Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 198 (2d Cir.1996).

During the course of Armstrong's appeal of his § 440.10 motions, the state court addressed and resolved the Fourth Amendment claims alleged in his § 1983 complaint. *Armstrong,* 267 A.D.2d at 121, 700 N.Y.S.2d at 150. The *Rooker–Feldman* doctrine bars the district court from reviewing the state court's decision. *See Moccio,* 95 F.3d at 197 ("[I]nferior federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court."); *see also Gentner v. Shulman,* 55 F.3d 87, 89 (2d Cir.1995) ("Under [the Rooker–Feldman] doctrine, federal district courts lack jurisdiction to review state court decisions ....") (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

*Rooker–Feldman* bars subsequent litigation of a claim where principles of preclusion apply. *Rivers v. McLeod,* 252 F.3d 99, 101 (2d Cir.2001) (citing *Moccio,* 95 F.3d at 199 200). Since the state court actually and necessarily decided Armstrong's Fourth Amendment claims, and he had a full and fair opportunity to litigate those issues in the state proceeding, claim preclusion applies. *See Moccio,* 95 F.3d at 200 (citation omitted). Therefore, the *Rooker–Feldman* doctrine applies to this case.

The district court did not err in rejecting Armstrong's claim and we affirm its judgment.

For the reasons set forth above, the judgment of the district court is AFFIRMED.

---

the plaintiff's conviction must be invalidated, reversed, or expunged before the plaintiff brings a § 1983 claim alleging illegal search and seizure. *See Armstrong v. Lebowitz,* No. 99–0233 (2d Cir. June 1, 2000). However, upon further reflection we recognized that, in light of the prior state court proceedings, *Rooker–Feldman* was applicable to this case.