THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WHITE, Appellant. [900 NYS2d 407]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Brown, J.), rendered June 6, 2008, convicting him of murder in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The police had probable cause to arrest the defendant upon receiving information from a codefendant that was sufficiently reliable as a statement against penal interest, based upon the codefendant's personal involvement in the crime (*see People v Johnson*, 66 NY2d 398, 402-403 [1985]; *People v Parker*, 256

AD2d 362 [1998]; *People v Thomas*, 231 AD2d 749, 750 [1996]). After the defendant was arrested, he was informed of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), and thereafter voluntarily made statements to law enforcement officials. The Supreme Court, thus, properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

The defendant's contention that the Supreme Court erred in failing to give an accomplice-corroboration charge pursuant to CPL 60.22 (1) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Curry*, 52 AD3d 731 [2008]). In any event, the failure to give the charge does not constitute reversible error because there was ample evidence corroborating the code-fendant's testimony, including eyewitness testimony placing the defendant at the scene of the crime, and the defendant's confession that he and the codefendant conspired to commit a robbery, he was aware that the codefendant had a gun, and he accompanied the codefendant as he ran after the victim (*see People v Burgin*, 40 NY2d 953, 954 [1976]; *People v Patterson*, 194 AD2d 812 [1993]).

Contrary to the defendant's contention, the Supreme Court's inquiry into alleged juror misconduct was sufficient to establish that the allegation was without merit (*see People v Buford*, 69 NY2d 290 [1987]; *People v Broughton*, 40 AD3d 1007 [2007]). In addition, the defendant's right to be present at a material stage of the trial was not violated when, in the presence of the defendant's counsel, the Supreme Court conducted an in camera questioning of a court officer as to the incident which gave rise to the allegation of juror misconduct (*see People v Torres*, 80 NY2d 944, 945 [1992]; *People v Darby*, 75 NY2d 449, 453 [1990]; *People v Mullen;* 44 NY2d 1, 5-6 [1978]).

The Supreme Court providently exercised its discretion in denying the defendant's request for a mistrial after the codefendant gave an unresponsive answer during cross-examination which suggested the defendant's involvement in an uncharged crime. The Supreme Court's curative instruction was sufficient to ameliorate any prejudice and to ensure that the defendant received a fair trial (*see People v Ferguson*, 82 NY2d 837, 838 [1993]; *People v Benloss*, 60 AD3d 686, 687 [2009]; *People v Wilson*, 50 AD3d 711, 712 [2008]).

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620

[1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Taylor*, 94 NY2d 910, 911 [2000]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; CPL 470.15 [5]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's arguments alleging ineffective assistance of counsel, as set forth in his main brief and in his supplemental pro se brief, are without merit (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]). The defendant's additional contentions raised in his supplemental pro se brief are also without merit. The defendant was not prejudiced by the prosecutor's late disclosure of a witness's statement because, upon being informed of the error, the Supreme Court ordered the prosecutor to provide the statement, instructed the jury to disregard the witness's prior testimony, and gave the defense an opportunity to re-open cross-examination (*see People v Vaughan*, 48 AD3d 1069 [2008], *cert denied* 555 US —, 129 S Ct 252 [2008]; *People v Goston*, 9 AD3d 905, 906-907 [2004]; *People v Jacob*, 287 AD2d 740 [2001]). In addition, the prosecutor's isolated misstatement on summation did not constitute prejudice sufficient to require reversal (*see People v Kadry*, 30 AD3d 440 [2006]).

The sentence imposed was not excessive (*see People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.