THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO VAZQUEZ, Appellant. [920 NYS2d 212]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of assault in the second degree and driving while ability impaired was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant waived his challenges to the indictment, in effect, on the ground of improper venue by failing to request a jury charge on the issue of proper venue (*see* CPL 20.40; *People v Greenberg*, 89 NY2d 553, 556 [1997]; *People v Popal*, 62 AD3d 912 [2009], *cert denied* 559 US —, 130 S Ct 1291 [2010]; *see also People v Thomas*, 273 AD2d 490 [2000]). To the extent the defendant contends that the failure to properly identify the county in which the assault occurred raised jurisdictional issues, we reject that contention (*see People v Iannone*, 45 NY2d 589 [1978]).

The defendant's contention that the verdict was not unanimous because one of the jurors gave an equivocal response during the jury poll as to the defendant's guilt is unpreserved for appellate review since the defendant failed to object to the manner in which the court polled the jury prior to the jury being discharged (*see People v Mercado*, 91 NY2d 960 [1998]; *People v Nairne*, 258 AD2d 671 [1999]). In any event, the contention is without merit. When polling a jury, if no disagreement with the verdict is expressed by a juror, then the verdict must be accepted and the jury must be discharged (*see* CPL 310.80). Here, no disagreement was expressed by any of the jurors. Furthermore, the juror in question never expressed or implied that he was under duress or was in any manner being coerced to vote in the manner that he did (*see People v Simms*, 13 NY3d 867 [2009]; *People v Pickett*, 61 NY2d 773 [1984]).

The defendant's contention that he was deprived of his right to a trial by jury because the Supreme Court discharged a juror prior to summations is without merit. The juror in question allegedly told a court officer after jury selection that she had an

all-expense-paid vacation planned for a certain date which may interfere with her jury service. This information was reportedly brought to the attention of the court and the attorneys at that time. As her departure date drew near, the juror apparently re-iterated her concern that she would not be available to partici-pate in deliberations. The Supreme Court eventually determined that the juror would be unavailable to participate in delibera-tions and, thus, discharged her and replaced her with an alternate juror.

A court has the authority to discharge a juror because he or she is unavailable for continued jury service (*see* CPL 270.35), and the court, in the exercise of discretion, must "make a deter-mination as to incapacity to serve on a case-by-case basis" (*People v Rosa*, 138 AD2d 753, 755 [1988]; *see People v Maxwell*, 156 AD2d 476 [1989]). Here, the Supreme Court properly inquired into the reason for the juror's unavailability to continue jury service (*see People v Jeanty*, 94 NY2d 507 [2000]). The juror had informed the court very early on about her vaca-tion plans and the court delayed its decision to discharge her until it became apparent that the trial could not be concluded without substitution of that juror (*see People v Settles*, 28 AD3d 591 [2006]; *People v Thompson*, 151 AD2d 626 [1989]). "[R]e-placement [of a sworn juror] with an alternate juror is not, as a rule, a violation of the right to trial by jury" as "there is no ma-terial distinction between regular and alternate jurors" (*People v Ballard*, 51 AD3d 1034, 1036 [2008] [internal quotation marks and citations omitted]). The discharge of the juror was neither arbitrary nor made without good cause (*id.* at 1036). Therefore, the defendant was not deprived of his right to trial by jury by the substitution of an alternate juror when it became clear that a sworn juror would be unavailable to continue with jury ser-vice.

As the defendant correctly concedes, his argument that the jury's verdict acquitting him of the charge of obstructing governmental administration is repugnant to his conviction of assault in the second degree is unpreserved for appellate review, since the defendant failed to raise an objection prior to the dis-charge of the jury (*see* CPL 470.05 [2]; *People v Ariza*, 77 AD3d 844 [2010], *lv denied* 15 NY3d 951 [2010]). In any event, the de-fendant's argument is without merit, since the material ele-ments of assault in the second degree are not identical to the material elements of obstructing governmental administration (*see People v Dominique*, 36 AD3d 624 [2007]; *People v Messina*, 209 AD2d 642 [1994]; *People v Feliciano*, 187 AD2d 448 [1992]). "The determination of whether the convictions are repugnant is

based solely on the . . . trial court's charge and [t]he critical concern is that an individual not be convicted for a crime on which the jury has actually found that the defendant did not commit an essential element" (*People v Dominique*, 36 AD3d at 625 [internal quotation marks and citations omitted). The verdict is not inherently inconsistent when viewed in light of the elements of each crime as charged to the jury (*see People v Tucker*, 55 NY2d 1 [1981]). The acquittal of the charge of obstructing governmental administration did not negate any of the material elements of the crime of assault in the second degree for which the defendant was convicted (*see People v Messina*, 209 AD2d 642 [1994]). Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.