THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAIR DOYLE, Appellant. [934 NYS2d 316]—

The testimony adduced at the suppression hearing established that the police had probable cause to arrest the defendant upon receiving information from a codefendant that was sufficiently reliable as a statement against penal interest, based upon the codefendant's personal involvement with the crime (*see People v White*, 73 AD3d 820, 820-821 [2010]; *People v Jackson*, 65 AD3d 1164, 1165 [2009]).

The defendant's contention regarding his challenge to the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit (*see People v Seymour*, 77 AD3d 976, 978-979 [2010]; *People v Hamlin*, 153 AD2d 644, 645 [1989]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Balkin, Belen and Chambers, JJ., concur.