People v Weigand (2024 NY Slip Op 01129)

People v Weigand

2024 NY Slip Op 01129

Decided on February 29, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 29, 2024

112813
[*1]The People of the State of New York, Respondent,
v
Chuck E. Weigand, Appellant.

Calendar Date:January 8, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Marshall Nadan, Kingston, for appellant.
Kirk O. Martin, District Attorney, Owego (Torrance L. Schmitz of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Tioga County (Gerald A. Keene, J.), rendered January 8, 2021, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree.
In September 2019, defendant was charged by indictment with criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the seventh degree and criminal possession of a controlled substance in the third degree. The charges followed a traffic stop, search of defendant's person and subsequent arrest in August 2019. On the same day, a search warrant based on a sworn statement of a confidential informant (hereinafter CI) was executed on defendant's property, and his vehicle was seized pursuant to an orally amended warrant application following the arrest. Defendant then moved to, among other things, suppress the evidence seized, resulting in a Mapp/Dunway and Huntley hearing being held, after which a Darden hearing was also held at defendant's request. Ultimately, County Court denied defendant's motion to suppress finding, among other things, that the traffic stop was legal and, during that stop, the search of defendant's person was supported by reasonable suspicion; the court also found that there was probable cause for the search warrant based on information provided by the CI and that the locations and seizure of items were within the scope of the warrant. Thereafter, defendant pleaded guilty to criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. In accordance with the plea agreement, defendant was sentenced to a prison term of five years, to be followed by five years of postrelease supervision, for his conviction of criminal possession of a weapon in the second degree, and to time served on the other two convictions. Defendant appeals.
Defendant challenges County Court's denial of his motion to suppress the weapon and drugs obtained from the search of defendant's person.[FN1] "[A] stop of a motor vehicle is justified when an officer observes or reasonably suspects that a violation of the Vehicle and Traffic Law has occurred. In conjunction therewith, a police officer may, as a precautionary measure and without particularized suspicion, direct the occupants of a lawfully stopped vehicle to step out of the car" (People v Medina, 209 AD3d 1059, 1060 [3d Dept 2022] [internal quotation marks and citations omitted], affd 40 NY3d 1022 [2023]; see People v Green, 80 AD3d 1004, 1004-1005 [3d Dept 2011]). Additionally, "in order to justify a frisk of a suspect's outer clothing, a police officer must have knowledge of some fact or circumstance that supports a reasonable suspicion that the [*2]suspect is armed or poses a threat to safety" (People v Medina, 209 AD3d at 1063 [internal quotation marks and citations omitted]; accord People v Watford, 211 AD3d 1106, 1108 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]). "[G]reat weight is accorded [to] the trial court's determination at a suppression hearing and, absent a basis in the record for finding that the court's resolution of credibility issues was clearly erroneous, its determinations are generally not disturbed" (People v Williams, 25 AD3d 927, 928 [2006] [internal quotation marks and citations omitted], lv denied 6 NY3d 840 [2006]; accord People v Kabia, 197 AD3d 788, 789-790 [3d Dept 2021], lv denied 37 NY3d 1162 [2022]).
At the suppression hearing, Adam Vargeson, a trooper with the State Police, testified that he and fellow trooper Trevor Wallner were at a convenience store when he observed defendant's vehicle pull up to a gas pump. Vargeson "ran the plate" and recognized the address as one connected to an ongoing State Police narcotics investigation. He testified that he then checked the license of defendant, who was the vehicle's registered owner, and discovered that his driver's license was suspended. When another vehicle pulled into the parking lot, defendant got into it and the vehicle left. The troopers followed and pulled the vehicle over due to a missing license plate light. Vargeson recognized the name of the driver as a "well-known" drug addict. Vargeson testified that both occupants were asked to exit the vehicle and were interviewed by the troopers. Vargeson testified that the driver and defendant gave inconsistent stories about their activities. After obtaining consent from the driver, Vargeson searched the car and located a metal tin cap, cotton ball and hypodermic needle near the center console. Both defendant and the driver denied ownership of the needle, and Vargeson explained that defendant appeared agitated and irritated.
After frisking the driver and not recovering anything, Vargeson then attempted to frisk defendant, who kept pulling away. Ultimately, Vargeson performed a pat down of defendant and, while doing so, felt something in defendant's pocket. Vargeson testified that defendant emptied his pockets and in one was a speed loader with rounds for a .357 caliber Magnum revolver. Vargeson explained that Wallner then asked defendant where the other half of the gun was, and defendant indicated it was in his waistband. Vargeson pulled out the revolver from defendant's waistband as well as a plastic baggie of pills. Wallner's testimony corroborated that of Vargeson, including Wallner's observation of defendant as being agitated and fidgety. Given the foregoing, after stopping the vehicle, due to the inconsistent stories provided by defendant and the driver, the troopers' knowledge of the ongoing drug investigation, their observation of defendant's agitated behavior during the traffic stop and the discovery of, among other things, the hypodermic needle, the troopers [*3]had sufficient reasonable suspicion to request that defendant empty his pockets and to perform a pat-down frisk (see e.g. People v Watford, 211 AD3d at 1108; People v Medina, 209 AD3d at 1062-1063; People v Wideman, 192 AD3d 1384, 1386 [3d Dept 2021], affd 38 NY3d 1067 [2022]; compare People v Howell, 49 NY2d 778, 779 [1980]). Accordingly, County Court did not err in denying defendant's motion to suppress the weapon and drugs obtained during the frisk.
Defendant also asserts that the orally amended search warrant was invalid as it violated CPL 690.40. However, this issue is unpreserved given that defendant failed to raise this argument before County Court, thus "the record . . . does not contain facts necessary for a meaningful review" on appeal (People v Naranjo, 174 AD2d 546, 547 [1st Dept 1991], lv denied 78 NY2d 1013 [1991]). To the extent defendant is arguing that the warrant was not supported by probable cause, we have reviewed the record, including the transcript of the Darden hearing, and find sufficient probable cause (see People v Merritt, 218 AD3d 1058, 1059-1060 [3d Dept 2023], lv denied ___ NY3d ___ [Jan. 25, 2024]; People v Stratton, 201 AD3d 1201, 1203 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]). We have examined defendant's remaining contentions and find them to be without merit.
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant challenges the validity of the stop of the car and the driver's consent to search, however these issues are raised for the first time on appeal and are thus not preserved (see People v Hayward, 213 AD3d 989, 993 [3d Dept 2023], lv granted 40 NY3d 932 [2023]).